■ Massie Moise, Appellant, v Joseph J. Christian, as Chairman of the New York City Housing Authority, Respondent. — In a proceeding pursuant to

CPLR article 78 to review a determination of the New York Housing Authority which terminated petitioner's tenancy, she appeals from a judgment of the Supreme Court, Queens County (Lerner, J.), dated May 10, 1982, which dismissed the petition. Judgment affirmed, without costs or disbursements. Petitioner challenges the administrative determination on the ground that she was denied procedural due process in five respects: (1) she was prevented from raising the defense of breach of the implied warranty of habitability; (2) she was not given a predetermination interview before the housing manager as required by Housing Authority rules; (3) the notice of charges was inadequate; (4) she was denied the right to present evidence in her behalf because the document in question, a rent receipt book, was required to be turned over to the authority; and (5) no reasonable and ascertainable standards exist for the adjudication made. Petitioner further claims that the recommendation to terminate the tenancy was arbitrary and capricious. Petitioner's first two procedural objections were not raised at Special Term, and will not be considered for the first time on appeal. (*Arnold v New City Condominiums Corp.*, 88 AD2d 578.) In any event, even if we were to consider them, as to the first objection it appears from petitioner's own testimony that the alleged breach of warranty was not the cause of petitioner's chronic rent delinquency; and as to the second objection, the record is entirely silent as to whether such an interview was ever held. Petitioner's third, fourth and fifth procedural objections are rejected. The notice was clear and adequate to inform her of the charges, and no charge was presented against her that was not specified in the notice. The requirement that the rent receipt book be turned in may have hindered petitioner in rebutting the charges brought against her, but did not deprive her of an "essential element of a fair trial" (*Matter of Hecht v Monaghan*, 307 NY 461, 470), as it must in order to constitute a due process violation. The definition of "chronic delinquency in the payment of rent" as "repeated failure or refusal of the tenant to pay rent, when due" (New York City Housing Authority Termination of Tenancy Procedures, subd 1, par D) is a sufficient standard for the adjudication. Furthermore, on the basis of the evidence adduced at the hearing, the determination to terminate the tenancy cannot be said to be arbitrary and capricious. O'Connor, J. P., Weinstein, Bracken and Niehoff, JJ., concur.