■ JOHN W. LANE, SR., et al., Appellants, v NEW YORK STATE ELECTRIC & GAS, INC., Respondent, and COLUMBIA GAS OF NEW YORK, INC., et al., Respondents-Appellants. — Cross appeals (1) from an order and judgment of the Supreme Court at Special Term (Lee, Jr. J.), entered December 28, 1982 in Delaware County, which granted summary judgment to defendant Columbia Gas of New York, Inc., and dismissed the complaint and related cross claims as against said defendant, (2) from an order and judgment of said court, entered January 7, 1983 in Delaware County, which, *inter alia,* granted summary judgment to defendant New York State Electric & Gas, Inc., and dismissed the complaint and related cross claims as against said defendant, and (3) appeal from an order of said court, entered January 28, 1983 in Delaware County, which denied plaintiffs' motion for a permanent injunction and for an order striking defendants' answers to the first cause of action set forth in the complaint. Plaintiffs have been owners of and have resided on certain real property in the Town of Tompkins in Delaware County since 1954. There is a two-story residence and a mobile home on the premises. Plaintiffs allege that since 1965 they have been repeatedly exposed to electrical shock both within and without the two structures. These shocks are claimed to result from "stray voltage" in the area, the source of which constitutes the crucial issue in the case. Joined as defendants are New York State Electric & Gas, Inc. (NYSE&G), Columbia Gas of New York, Inc. (Columbia) and Delaware County Rural Electric Cooperative, Inc. (Delaware). The record shows that NYSE&G operates a 46-kilovolt subtransmission line across plaintiffs' land which provides electrical current to a substation owned and operated by Delaware; that Delaware distributes electricity to plaintiffs' residence from its substation; and that Columbia owns and operates a natural gas pipeline service to plaintiffs' residence. In seeking property, personal and punitive damages against all three defendants, plaintiffs have stated causes of action sounding in trespass, nuisance, negligence and strict liability and have also demanded an injunction restraining NYSE&G and Delaware from continued operation of their electrical transmission facilities until the electrical disturbance is eliminated. All three defendants initially entered cross claims for contribution against each other. These appeals stem from a number of interlocutory orders issued by

Special Term, which ultimately granted summary judgment to both NYSE&G and Columbia, and denied plaintiffs' motion for a permanent injunction and for an order striking defendants' answers to their first cause of action. The orders granting NYSE&G and Columbia summary judgment should be reversed. The essential determination on a motion for summary judgment is whether a genuine issue of fact has been presented. Here, the issue of which utility, if any, is responsible for the "stray voltage" on plaintiffs' land turns on the credibility of the opposing experts' affidavits, which we view in a light most favorable to plaintiffs (see *Rotuba Extruders v Ceppos*, 46 NY2d 223, 231). In 1980, Richard Gifford, an employee of Delaware, conducted a test to determine the source of any "leaking electricity" by stopping the flow of electric current over Delaware's distribution lines while NYSE&G's system continued normal operation. When Delaware's lines were "sectionalized", the problem of "stray voltage" on plaintiffs' land disappeared, and upon reactivation, the problem reappeared. The affidavits of Robert Reed and Floyd Dana, engineering experts employed by NYSE&G, state the only reasonable inference to be drawn from this test was that no electricity·was leading from NYSE&G's system. In contrast, Stewart Maurer, a licensed professional engineer employed by Delaware, concluded that NYSE&G's position was "untenable in that it excludes the possibility of inductive current impressed upon the pipeline of defendant Columbia, which then provides a conduit from the transmission of electricity to and from the plaintiffs' residences". Maurer opined that the Gifford test failed to exclude NYSE&G as a source of this inductive current. He further noted it was "beyond dispute" that Columbia's gas line served as a conduit of current and/or· voltages on plaintiffs' land. Plaintiffs' expert, Thomas Boehly, concurred in Maurer's findings. Moreover, Gifford affirmed that he is not an electrical engineer and that the "sectionalization" test he performed failed to identify the source of the transient voltage. In our view, a bona fide question of fact has been raised as to the potential liability of both NYSE&G and Columbia. We are not unmindful that tests conducted by all three defendants in concert in September, 1982 failed to support Maurer's inductive current theory. While NYSE&G has urged that this test confirms its lack of responsibility, ·we decline to reach such a conclusion. The existence of stray or transient voltage on plaintiffs' property has not been seriously challenged by any party; only the source of such voltage is undetermined. That Delaware discontinued its cross claim against NYSE&G is unavailing. There is conflict among the experts as to whether Columbia's gas lines serve as a conduit for inductive current impressed upon the lines by NYSE&G or current from "other sources of electricity near the electrical facilities". Even assuming that the September, 1982 test excluded NYSE&G as a source of inductive current, Columbia would appear to be a conduit of such current from other undisclosed sources, a contention sharply disputed by Columbia's expert. These circumstances prevailing, it becomes obvious that issues arising from the conflicting opinions of experts remain for resolution upon a trial at which full cross-examination is available to enable the trier of the facts to assess credibility of all the evidence. " '[I]ssue-finding, rather than issue-determination, is the key to the procedure' " (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). The drastic relief of summary judgment which denies a litigant his day in court will not be granted if there is any significant doubt whether a triable issue of fact exists (*Phillips v Kantor & Co.*, 31 NY2d 307, 311). Upon this record, we are unable to say that no triable issues of fact exist and accordingly hold that Special Term erred in granting summary judgment dismissing the complaint as against Columbia and NYSE&G. Finally, inasmuch as an issue of fact exists as to whether NYSE&G and Delaware are responsible for the alleged harmful electricity on

plaintiffs' land, and plaintiffs have continued to reside on the premises notwithstanding the alleged harmful conditions, and since the attendant burden on NYSE&G and Delaware would be considerable, Special Term properly denied plaintiffs' cross motion for an injunction. Orders and judgments entered December 28, 1982 and January 7, 1983 reversed, on the law, and motions for summary judgment denied, with costs to plaintiff. Order entered January 28, 1983 affirmed, without costs. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Weiss, JJ., concur.