■ CHARLES MCDONALD, Respondent, v E. W. BLISS et al., Appellants. (And Two Other Titles.) — In an action to recover damages for personal injuries on the grounds of negligence, strict products liability, and breach of warranty, defendant E. W. Bliss appeals from so much of an order of the Supreme Court, Westchester County (Stolarik, J.), dated January 24, 1984, as denied its motion for summary judgment dismissing the action as against it, and General Electric Company appeals from so much of the same order as denied its motion for summary judgment dismissing plaintiff's action as against it.

Order modified, on the law, by granting E. W. Bliss' motion for summary judgment, action as against it dismissed, and action as against General Electric severed. As so modified, order affirmed, without costs or disbursements.

Plaintiff was injured while operating an inclinable press on August 31, 1979. The machine had been manufactured and sold in 1930 by defendant E. W. Bliss to Micarta Fabricators, Inc. No later than 1963, the press came into the possession of defendant General Electric. The latter company radically restructured the press and subsequently sold it in 1979 to plaintiff's employer. Shortly thereafter plaintiff was injured while attempting to remove materials that had become stuck in the machine.

Plaintiff, as a matter of law, has shown no potential liability on the part of defendant E. W. Bliss, based upon its manufacture, design, or sale of the machine in 1930 (see *Robinson v Reed-Prentice Div.,* 49 NY2d 471). It is clear, however, that General Electric provided the operating mechanism controlling the movement of the die which injured plaintiff, and that there are issues of fact as to General Electric's potential liability. General Electric's argument that because it was a mere intermediate user it could not be held liable on theories of strict products liability and breach of warranty was not raised at Special Term and will not be considered for the first time on appeal (*Moise v Christian,* 97 AD2d 536; *Arnold v New City Condominiums Corp.,* 88 AD2d 578). Thompson, J. P., O'Connor, Niehoff and Boyers, JJ., concur.