BLAKE-VEEDER REALTY, INC., et al., Respondents, v MICHAEL CRAYFORD et al., Appellants, et al., Defendant. — Harvey, J.

Plaintiffs, two real estate brokers which had entered into a fee-sharing agreement, commenced this action in April 1982. Defendants are a real estate development corporation and two of its officers who own all of its stock. In the first cause of action, plaintiff Blake-Veeder Realty, Inc. (hereinafter Blake-Veeder) seeks a broker's fee from the corporate defendant only for a real estate sale made on the basis of a written listing agreement. In the second cause of action, both plaintiffs seek a commission allegedly earned pursuant to the terms of an oral agreement for the sale of defendant corporation's equity in a real estate development. Plaintiffs assert in their complaint that defendants Michael Crayford and Charles Ashline, in their individual capacities, agreed to pay the commission on a sale which was

brought about by plaintiffs. Thereafter, defendants Crayford and Ashline moved for summary judgment dismissing the complaint against them on the ground that the earned commission was only a corporate debt. They contended that they were acting as corporate officers and not as individuals when they negotiated with plaintiffs. The motion was denied and this appeal ensued.

In denying the individual defendants' motion, Special Term determined that an affidavit submitted by plaintiffs raised a question of fact sufficient to preclude summary judgment. We agree. The affidavit summarizes oral statements made by the individual defendants which could be construed as personal promises to pay the commission. This affidavit not only raises the factual issue as to whether there was an oral agreement, but also two other important issues. One issue is whether the promises were to guarantee payment of a liability of the corporation. In that event, the Statute of Frauds would be a complete defense (*see,* General Obligations Law § 5-701 [a] [2]). On the other hand, if the promises of compensation were made to real estate brokers by persons having a personal interest in the sale, the Statute of Frauds would not be a defense (*see,* General Obligations Law § 5-701 [a] [10]).

As this court has said before, issue finding rather than issue determination is the goal on a motion for summary judgment. Where there is any significant doubt as to whether a triable issue of facts exists, a litigant should not be denied his day in court (*Lane v New York State Elec. & Gas,* 99 AD2d 597, 598). Where a defendant seeks summary judgment dismissing the complaint, the plaintiff is entitled to the benefit of every favorable inference which may be drawn from the pleadings, affidavits and examinations before trial (*Egan Real Estate v McGraw,* 40 AD2d 299, 301).

Plaintiffs' opposing papers raise issues of fact. The burden on a party opposing summary judgment requires no more, and Special Term properly denied the individual defendants' motion in all respects (*see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065).

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.