◼ ROBERT M. McGAVIN, Respondent, v HERRICK & COWELL COMPANY, Defendant and Third-Party Plaintiff-Appellant. CHESEBROUGH WITMAN, Third-Party Defendant-Respondent.— Per Curiam. Appeal from an order of the Supreme Court at Special Term (Smyk, J.), entered March 15, 1985 in Tioga County, which denied defendant's motion for summary judgment dismissing the complaint.

In this products liability action, the question posed for our consideration is whether a machine manufactured by defendant was substantially modified by third-party defendant, the owner of the machine, so as to preclude any liability of defendant as a matter of law. In November 1978, plaintiff, an employee of third-party defendant, allegedly suffered serious injuries when his right hand came in contact with a saw blade of a rung sawing and chucking machine. The injury allegedly occurred after plaintiff partially deactivated the machine and while he was attempting to dislodge a dowel which was struck in the machine. The machine had been manufactured by defendant in 1948 and sold to third-party defendant that same year.

In December 1981, plaintiff commenced this action against defendant alleging negligence, breach of warranty and strict products liability. During discovery, it was revealed that third-party defendant had made modifications to the machine after it was purchased from defendant. Defendant made a motion for summary judgment asserting that these modifications immunized it from liability to plaintiff. The motion was denied and this appeal by defendant ensued.

It is well established that: "a manufacturer of a product may not be cast in damages, either on a strict products liability or negligence cause of action, where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of plaintiff's injuries" *(Robinson v Reed-Prentice Div.,* 49 NY2d 471, 475). *(See also, Lovelace v Ametek, Inc.,* 111 AD2d 953, 954.) The parties do not dispute that modifications were made to the machine. However, the mere fact that modifications took place does not

exculpate defendant. At issue here is whether the modifications substantially altered the machine and whether they were a proximate cause of plaintiff's injuries.

Defendant points to two modifications by third-party defendant which it claims exonerates it from any liability as a matter of law.* First, defendant claims that the removal of the loading magazine caused the machine's operator to be brought into close proximity to the saw blade. However, there is evidence in the record that defendant did not consider the loading magazine to be an integral safety feature of its machine, the removal of which would render the product unsafe. Furthermore, plaintiff alleges that the injury occurred after the machine had been loaded and not as a result of the method of loading the machine. Next, defendant contends that the conversion of the machine from a Geneva gear mechanical movement to an air-operated pneumatic movement was a substantial modification which caused plaintiff's injury. Again, however, there are questions of fact as to whether plaintiff's injury would have occurred even if this modification had not been made. It cannot be determined from the record that, as a matter of law, this modification rendered an otherwise safe machine defective (see, Robinson v Reed-Prentice Div., supra, p 479). Accordingly, we find sufficient questions of fact as to whether these two modifications were substantial and a proximate cause of the injury so as to preclude summary judgment.

Finally, we find meritless defendant's assertion that the affidavits in opposition to the motion for summary judgment were insufficient to raise a factual question. Plaintiff submitted an affidavit attesting to the facts within his personal knowledge. Further, his attorney's affidavit, based primarily on exhibits and discovery information submitted to Special Term, had an adequate factual basis to allow the court to consider it (see, Dorkin v American Express Co., 43 AD2d 877; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.09).

Order affirmed, with costs to plaintiff. Mahoney, P. J., Main, Mikoll and Yesawich, Jr., JJ., concur.

---

* The record reveals a third modification, the replacement of the original safety shield with larger ones. On this appeal, defendant has not asserted that this modification is sufficient to preclude it from liability.