■ WARREN SILVERSTEIN, Appellant, v WALSH PRESS & DIE COMPANY et al., Respondents. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered October 15, 1984, which, upon a motion of the defendants for summary judgment, dismissed the complaint.

Judgment affirmed, with costs.

The plaintiff was injured on May 7, 1981, while operating a 60-ton metal punch press at the manufacturing plant of his employer, the third-party defendant, Livingston Industries. The machine had been manufactured and sold in 1947 by the defendants and had changed hands several times before it was purchased by the plaintiff's employer in 1971 at a sheriff's auction. According to the testimony of the vice-president of Livingston Industries, and the president of Walsh Press & Die Company, the machine was radically restructured after it left the factory in 1947. For example, as compared to the original press, at the time of the accident the machine had a different motor, pedal assembly, flywheel guard and a cam with a switch. Significantly, sometime after the machine left the

factory, two safety devices—a two-finger button control and an antirepeating device—which were the state of the art in 1947 and were in accordance with the safety code then extant with respect to power presses, were removed. The antirepeating device restricted the press to one cycle of operation, and the two-finger button control-box assembly device kept the hands of the operator out of the way of the "pinch-point area" when the press was being tripped. Sometime after the press was initially sold, a sweep guard, which is a mechanical safety device, was added to the machine.

After commencing this action, the plaintiff stated in his bill of particulars that he suffered traumatic injury to three of his fingers which became trapped in the machine's point of operation when the press malfunctioned and repeated a stroke. Following the completion of discovery, the defendants moved for summary judgment, claiming that they could not be held liable for the plaintiff's injuries because, after the machine left the factory, there were subsequent modifications made to the press, which altered the product to such an extent that it could not be considered the defendants' machine. The plaintiff maintained that the defendants failed to equip the machine in 1947 with an available safety device which would have eliminated the risk of harm to an operator by guarding the point of operation. He also claimed that at the very least the defendants were liable for failing to provide proper warnings and instructions with the machine.

Despite the plaintiff's numerous contentions on this appeal, we agree with Special Term that the plaintiff, as a matter of law, failed to demonstrate potential liability on the part of the defendants based upon the manufacture, design or sale of the machine in 1947 (see, Robinson v Reed-Prentice Div., 49 NY2d 471; McDonald v Bliss, 106 AD2d 619).

The plaintiff urges that the subsequent modification defense enunciated in Robinson v Reed-Prentice Div. (supra) is not applicable to this case because Special Term specifically found that the parties had not conclusively established the proximate cause of the plaintiff's injury. The court in Robinson v Reed-Prentice Div. (supra, at p 475) ruled that a manufacturer could not be held liable for negligence or strict products liability "where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of plaintiff's injuries".

We find that although the precise cause of the plaintiff's injuries cannot be determined from the evidence in the record,

there is sufficient proof to conclude that the plaintiff's injuries were not proximately caused by any design defect, product malfunction, failure or negligence on the part of the defendants. As to the plaintiff's claim that the defendants failed to provide proper warnings or instructions, we agree with Special Term that the fact that the employer took steps to protect the operator by placing a sweep guard on the press negated any responsibility on the part of the manufacturer to provide warnings or to equip the machine with the safety devices suggested by the plaintiff. The defendants correctly point out that the adequacy of the employer's chosen safety measures is not relevant to a determination of their liability, particularly where the safety devices which they provided on the machines in 1947 were removed by a subsequent purchaser. Mangano, J. P., Gibbons, Thompson and Bracken, JJ., concur.