■ HUGH R. MAGEE, Respondent, v E. W. BLISS Co., a Division of GULF & WESTERN, Appellant. (And a Third-Party Action.)—Order unanimously reversed, on the law, without costs, and motion granted. Memorandum: In seeking to recover for personal injuries resulting from his operation of a punch press, plaintiff alleges causes of action in negligence and strict products liability for defective design and failure to warn. The punch press, designed and manufactured by defendant in 1941, was later modified by plaintiff's employer, a subsequent purchaser. The activation system as originally designed consisted of a mechanical foot treadle which required 40 pounds of vertical downward pressure to disengage the clutch and allow the press to make a complete cycle. This system was radically changed and the treadle was replaced with a dual set of pneumatic controls consisting of a button and hand lever system which malfunctioned, cycled and injured plaintiff when he activated the machine by inadvertently brushing the lever with his right arm. Under either activation system, the press ram travels down three inches every one-quarter second with a force of 15 tons at the bottom of the stroke and cannot be halted or reversed until a full cycle has been completed. The undisputed evidence in the record establishes that the direct cause of plaintiff's injury was the mechanical failure of the dual activation system

which required plaintiff to use both his hands to cycle the press. Clearly, the substitution of the faulty dual activation system, which at the time of the accident allowed the press to be activated by exerting only slight pressure on the lever, for the original mechanical treadle "removed a safeguard against accidental activation that had been incorporated in the original structural design and would have been adequate to prevent this accident" *(Hanlon v Cyril Bath Co.,* 541 F2d 343, 346). "Material alterations at the hands of a third party which work a substantial change in the condition in which the product was sold by destroying the functional utility of a key safety feature, however foreseeable that modification may have been, are not within the ambit of a manufacturer's responsibility" *(Robinson v Reed-Prentice Div.,* 49 NY2d 471, 481; *see, Lovelace v Ametek, Inc.,* 111 AD2d 953; *see also, Temple v Wean United,* 50 Ohio St 2d 317, 364 NE2d 267). In our view, the modifications destroyed the safety features built into the original foot treadle system and were the proximate cause of the accident. "[A] manufacturer of a product may not be cast in damages, either on a strict products liability or negligence cause of action, where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of plaintiff's injuries" *(Robinson v Reed-Prentice,* 49 NY2d 471, 475, *supra).*

Moreover, defendant's failure to provide a point-of-operation guard was not a proximate cause of plaintiff's injuries because at the time of the accident he was not using an available guard installed by his employer. Further, his claim that the clutch mechanism was inherently defective in design as of 1941, because at that time other, safer clutches were available which would have allowed plaintiff to stop the ram before it fully closed, does not raise an issue of fact. It is inconceivable that plaintiff would have been able to use a device to stop the ram in midstroke during the less than one-quarter second which elapsed between its activation and the bottom of the stroke. Plaintiff failed to submit any proof as to how a different clutch would have prevented his injury which was the result of two accidental events: the malfunction of the electrically operated slide button and the unintentional activation of the lever. Lastly, the record establishes that defendant discharged its duty to issue product warnings. Plaintiff, as a matter of law, has shown no potential liability on the part of defendant based upon its design of the machine and the motion for summary judgment should have been granted *(see,*

*McDonald v Bliss,* 106 AD2d 619). (Appeal from order of Supreme Court, Monroe County, Kennedy, J.—summary judgment.) Present—Dillon, P. J., Doerr, Denman, Green and Schnepp, JJ.