■ Garden State Brickface & Stucco Company, Appellant, v Lillian Roberts, as Commissioner of Labor of the State of New York, Respondent.—In a proceeding pursuant to CPLR article 78 to review (1) two determinations of the respondent New York State Commissioner of Labor, both dated November 2, 1984, that the petitioner has failed to pay prevailing wages on public works contracts in violation of Labor Law § 220 and (2) a determination of the respondent, dated November 21, 1984, debarring the petitioner from bidding on or being awarded public works contracts for a period of five years pursuant to Labor Law § 220-b (3) (b), the petitioner appeals from a judgment of the Supreme Court, Nassau County (Harwood, J.), dated May 29, 1985, which dismissed the proceeding.

Judgment modified, on the law, by deleting the provision thereof which dismissed that branch of the petition which was addressed to the determination dated November 21, 1984, and substituting therefor a provision granting that branch of the petition to the extent that that determination debarring the petitioner from bidding on or being awarded public works contracts within the State of New York for a period of five years is annulled. As so modified, judgment affirmed, without costs or disbursements.

Under Labor Law § 220-b (3) (b), a corporation may be debarred for a period of five years from bidding on or being awarded a public works contract within the State of New York if on "two instances", final determinations have been rendered against it finding that it willfully failed to pay the

prevailing rate of wages or provide supplements in accordance with prevailing practices in the locality to workers employed on a public works project in violation of Labor Law § 220 (3).

The Court of Appeals had recently held that Labor Law § 220-b (3) (b) "clearly requires one final determination *prior to* the second final determination so as to establish knowing repetition as the predicate for a five-year suspension from bidding" *(Matter of Dadson Plumbing Corp. v Goldin,* 66 NY2d 713, 715; emphasis supplied). Thus, where it is *simultaneously* determined that a corporation committed violations on multiple public works contracts, no "knowing repetition" is established, and debarment may not occur. In this case, while there were determinations that the petitioner violated the prevailing wage laws by underpaying its workers on two separate public works projects, these determinations were simultaneously rendered, and the subsequent debarment of the petitioner was therefore improper. The petitioner further contends that the respondent abused her discretion in imposing penalties and awarding a rate of interest of 10% per annum on the amounts due to the underpaid employees. Although the petitioner had notice that the issues of whether to impose penalties and interest were to be determined by the hearing officer, it voluntarily opted not to appear at the hearings. Moreover, it did not raise the present contention before Special Term, and we therefore decline to consider it for the first time on appeal *(see, Moise v Christian,* 97 AD2d 536, 537). Lazer, J. P., Mangano, Lawrence and Eiber, JJ., concur.