SHIRLEY J. BROWN et al., Appellants, v INSURANCE COMPANY OF NORTH AMERICA, Respondent.

Third Department, January 15, 1987

APPEARANCES OF COUNSEL

*Neverett, Asadourian & Johnston, P. C. (William A. Favreau* and *Stephen A. Johnston* of counsel), for appellants.

*Fitzpatrick, Trombley, Owens & Lahtinen, P. C. (Edward J. Trombley* of counsel), for respondent.

### OPINION OF THE COURT

WEISS, J.

On April 26, 1982, plaintiffs' automobile was involved in an accident in New York State with a vehicle owned by Pyramid Roofing, Inc. (Pyramid) and operated by Richard Stearn. Pyramid is a New Jersey corporation and Stearn a resident of that State. Plaintiffs' automobile was insured by Hartford Insurance Company (Hartford), which paid plaintiffs' property damage claim of $495.33 less the $200 deductible. In August 1983, Hartford, as subrogee, recovered the full amount of the property damage, $495.33, from defendant, the Insurance Company of North America, on the basis of information given by Stearn at the scene of the accident, and remitted the $200 deductible to plaintiffs. Plaintiffs' personal injury action in New York State against Pyramid and Stearn, commenced in January 1983, resulted in a default judgment of $40,000 plus costs which was converted to a New Jersey judgment. Efforts to collect from Pyramid and Stearn were unsuccessful and in late 1984, plaintiffs asserted a claim against Hartford under the uninsured motorist coverage provisions of their own policy. Hartford denied the claim on the ground it was not timely made. In January 1985, the instant action was initiated after defendant denied it had issued a policy of insurance to either Pyramid or Stearn. Each party moved for summary judgment. Following a court-ordered examination before trial of defendant's claim manager, Charles Groenveld, Jr., Special Term granted defendant's motion and dismissed the complaint.

On this appeal, plaintiffs maintain that defendant's response to and payment on Hartford's subrogation claim creates an estoppel against the denial of coverage and, at the very least, creates a triable issue of fact as to the existence of an insurance policy sold by defendant to the judgment debtors, Pyramid and Stearn. To support its motion, defendant relied on the deposition testimony and affidavit of Groenveld stating, in essence, that an exhaustive search of both defendant's records and the records of the purported sales agent, Cardamone Insurance, failed to confirm the issuance of a policy. Nor was defendant able to contact the alleged policyholder. Groenveld further explained that the payment to Hartford was made pursuant to a company policy of settling

claims for less than $1,000 without confirmation of coverage where the claim appeared valid. Defendant paid the claim pursuant to its settlement policy because Hartford provided a policy number obtained from the New Jersey Department of Motor Vehicles, documented the collision and threatened to commence arbitration.

In view of this showing by defendant, it was incumbent upon plaintiffs to produce evidentiary proof in admissible form establishing a genuine issue of fact as to the existence of a policy (see, Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557, 562). Plaintiffs concede that no direct proof of insurance coverage is available, but emphasize that the fact of payment, coupled with the information listed on the check from defendant to Hartford, arguably creates a factual matter for jury resolution. We agree. The check issued names Pyramid as the policyholder and includes a policy number (CAL 354071). This information was provided to defendant by Hartford based on statements made by Stearn at the time of the accident and a confirmation from the New Jersey Department of Motor Vehicles. Significantly, the check also names Cardamone Insurance as agent, and lists a policy inception date of "3-1-82". The source of this information is in dispute, and while defendant maintains that Hartford provided these details, the latter's claims representative denied doing so. It is also noteworthy that on October 3, 1983, defendant's processing center rejected the subrogation claim for lack of coverage, and yet defendant neither advised Hartford nor demanded a return of payment.

Summary judgment is a drastic remedy to be avoided where, as here, a serious doubt exists as to whether a triable issue of fact has been presented (see, Lehoczky v New York State Elec. & Gas Corp., 117 AD2d 870, 872; Blake-Veeder Realty v Crayford, 110 AD2d 1007, 1008). Giving plaintiffs the benefit of every favorable inference from the factors described, whether an insurance policy ever existed remains a triable issue of fact which precludes summary judgment. Having so determined, we need not determine whether defendant should be equitably estopped from denying the existence of a policy.

MAHONEY, P. J., KANE, CASEY and LEVINE, JJ., concur.

Order modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendant's motion; motion denied; and, as so modified, affirmed.