■ SHEREE CARPENTER, Respondent, v COUNTY OF CHENANGO et al., Defendants, and HAROLD B. STEVENS, Appellant.

—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Ingraham, J.), entered October 29, 1986 in Chenango County, which partially denied a motion by defendant Harold B. Stevens for summary judgment dismissing the complaint.

Plaintiff has brought suit against defendants for their involvement in an April 1984 incident in which pictures of a nude, inflatable, life-size doll were taken in the Chenango County Sheriff's office and posted there with a teletype message stating that the doll was wanted for impersonating plaintiff, then a female police officer employed by the City of Norwich. Defendants Harold B. Stevens and Lawrence S. Jennings, also police officers employed by the city, were responsible for bringing the doll to the Sheriff's office. Defendant Michael Meyers, a Chenango County Deputy Sheriff, took the pictures of the doll in the squad room with a camera from the Sheriff's office and later, with the aid of another Deputy Sheriff, produced the teletype message and posted it on the bulletin board with the photographs.

Two causes of action are alleged; the first charges defamation and the second sexual harassment. Stevens moved for summary judgment based on the absence of any evidence linking him to the publication of defamatory material. Supreme Court granted the motion with respect to the harassment claim, but allowed the defamation cause of action to stand, stating that factual issues exist. Stevens appeals; we affirm.

At the outset, we note that plaintiff is entitled to every favorable inference which may be drawn from the record before us, that issue finding and not issue determination is the goal, and that if there is any significant doubt as to whether a material and triable issue of fact exists, summary judgment must be denied (Blake-Veeder Realty v Crayford, 110 AD2d 1007, 1008; see also, 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.12). Here, there is evidence that when the doll had been obtained and brought to the Sheriff's office by Stevens, Jennings (whose deposition is not contained in the record) referred to it as "Sheree". Further, while the doll was being photographed, in various lewd positions with a blackjack and dressed in Stevens' police jacket, which admittedly he had placed around the doll but in such a fashion so as to ensure that his police badge would not be photographed, Stevens and the other officers were joking and laughing, though the precise nature of their conversation or the butt of their jokes does not appear in the record. Although Stevens testified that he had nothing to do with preparing the teletype message linking the

photographs to plaintiff, Meyers indicated that it was Stevens' or Jennings' idea, but refused to disclose to plaintiff which one it was; Meyers was later officially reprimanded for using the camera for purposes other than those permitted by the Sheriff while "accompanied by" Stevens. At the very least, the foregoing raises factual issues as to whether Stevens defamed plaintiff before his fellow law enforcement officers (see, *Pirre v Printing Devs.,* 468 F Supp 1028, 1041-1042, *affd* 614 F2d 1290).

Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.