■ RAMON HIERRO, Respondent, v E. W. BLISS COMPANY, INC., Appellant, et al., Defendants. (And a Third-Party Action.) —Mercure, J. Appeal from an order of the Supreme Court (Bradley, J.), entered April 12, 1988 in Ulster County, which denied defendant E. W. Bliss Company, Inc.'s motion for summary judgment dismissing the complaint against it.

Plaintiff injured his hand in 1981 while operating a punch press manufactured by defendant E. W. Bliss Company, Inc. (hereinafter defendant) and sold by defendant to plaintiff's employer, third-party defendant Channel Master Corporation (hereinafter the employer) in 1952, giving rise to this action for damages predicated upon defendant's alleged negligence and strict products liability. After exchange of all pleadings, defendant moved for summary judgment dismissing the complaint against it upon the ground that the employer substantially modified the punch press and that these modifications destroyed the functional utility of key safety features purposely designed and engineered into the machine and proximately caused plaintiff's injuries. Supreme Court denied the motion and defendant appeals.

We affirm. Although we agree with defendant's contention that the punch press had been substantially modified, particularly with respect to the means of its activation, viewing the evidence most favorably to plaintiff, as we must *(see, Bershaw v Altman,* 100 AD2d 642, 643), there are questions of fact as to whether these modifications exculpate defendant. The machine was not equipped with a point-of-operation guard at the time it left defendant's hands, and the guard installed by the employer was not adequate to prevent plaintiff from placing his hand inside the machine while it was capable of being activated. In our view, factual issues exist, including whether defendant had an obligation to furnish a guard on the machine and, if so, whether the failure to install a guard was a proximate cause of plaintiff's injuries *(see, Lopez v Precision Papers,* 67 NY2d 871; *cf., Magee v Bliss Co.,* 120 AD2d 926 [guard provided by purchaser not in use at the time of accident]; *Silverstein v Walsh Press & Die Co.,* 119 AD2d 658, *lv denied* 69 NY2d 603 [safety devices installed by manufacturer removed and replaced]). On this record it cannot be determined whether, as a matter of law, the employer's modifications rendered an otherwise safe machine defective *(see, Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471, 479; *McGavin v Herrick & Cowell Co.,* 118 AD2d 982, 983).

As has been frequently observed, a court's function on a motion for summary judgment is issue finding, not issue determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Summary judgment is a drastic remedy which should not be granted where there is any doubt of the existence of a triable issue *(Lane v New York State Elec. & Gas,* 99 AD2d 597, 598; *Moskowitz v Garlock,* 23 AD2d 943, 944) or where the issue is even arguable *(Barrett v Jacobs,* 255 NY 520, 522; *Gale v Kessler,* 93 AD2d 744, 745).

Order affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.