■ DANIEL A. BREIDENSTEIN, Appellant, v ZURN INDUSTRIES, INC., et al., Respondents and Third-Party Plaintiffs-Appellants. PLASLOK CORPORATION, Third-Party Defendant-Respondent.—Order unanimously reversed on the law with costs and motion and cross motion for summary judgment denied. Memorandum: Plaintiff was injured when his hand was caught in the pinch point of a roll machine designed to mill plastic materials through two heated rolls. The machine was originally manufactured by William Thropp and Sons and sold to defen-

dant EEMCO Machines, Inc., which rebuilt it and sold it to third-party defendant Plaslok Corporation. The machine contained a fixed, non-pressure-sensitive "belly bar", which is a thin tubular piece of metal stretched across the rear of the machine. Plaslok removed the belly bar before the accident. Plaintiff was injured while cleaning excess debris out of a pan located at the rear of the machine when his hand was caught between two rollers (the pinch point) on the machine. Defendants and third-party defendant each moved for summary judgment and the court granted the motions. In its decision, Supreme Court held that the proximate cause of the accident was the removal of the belly bar and that defendants were not liable for plaintiff's injuries caused by that subsequent modification of their product (see, Robinson v Reed-Prentice Div., 49 NY2d 471).

We disagree. Defendants' expert alleged in support of the motion that the accident would not have occurred if the belly bar had been on the machine at the time of the accident and that the belly bar would have prevented inadvertent and accidental access to the pinch point of the machine. Plaintiff's expert, however, alleged that the belly bar would not have prevented the accident because it was an insufficient safeguard and that more effective safety designs were available to defendants when the machine was rebuilt. Plaintiff's expert also stated that the belly bar could be avoided inadvertently by reaching over it and, therefore, it failed to eliminate the risk of injury to the operator of the machine.

Thus, on this motion, defendants failed to sustain their burden of showing that plaintiff's cause of action has no merit (see, CPLR 3212 [b]) because they failed to establish, by uncontroverted evidence, that the belly bar, had it not been removed from the machine, would have prevented the accident. The supplemental affidavit of defendants' expert, which concluded that it was physically impossible for a person of plaintiff's height and arm length to reach the pinch point of the roll mill had the belly bar been in place, is not dispositive because it did not state the length of plaintiff's arm and did not show that, by leaning over the "belly bar", plaintiff could not have extended his reach to permit his hand to come into contact with the pinch point. (Appeal from order of Supreme Court, Erie County, Ostrowski, J.—summary judgment.) Present—Dillon, P. J., Boomer, Green, Lawton and Davis, JJ.