■ VASILE CSOKA, Appellant, v E. W. BLISS, Defendant and Third-Party Plaintiff-Respondent. LAFAYETTE DISPLAY FIXTURES, INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries on the grounds of negligence, strict products liability and breach of warranty, the plaintiff appeals from an amended order of the Supreme Court, Queens County (Hentel, J.), entered December 27, 1988, which granted the defendant's motion for summary judgment dismissing the complaint and granted the third-party defendant's cross motion for summary judgment dismissing the third-party complaint.

Ordered that the amended order is affirmed, with one bill of costs.

The plaintiff Vasile Csoka was injured while operating a punch press on July 20, 1984. The machine was manufactured in 1925 by the defendant E. W. Bliss (hereinafter Bliss) and sold to E. A. Laboratories in that year. As originally manufactured, the press was a purely mechanical press with no motor and no electrical apparatus. However, through the intervening years, it had been radically restructured and substantially altered by unknown third parties by the installation of an electro-pneumatic actuation system containing no component parts manufactured by Bliss. The machine was subsequently bought at an auction in 1983 by the third-party defendant Lafayette Display Fixtures, Inc., the plaintiff's employer. The defendant and the third-party defendant separately moved for summary judgment, essentially claiming that they could not be held liable for the plaintiff's injury since the subsequent modifications made to the press had altered the product to such an extent that it could no longer be considered the same machine. The plaintiff maintained that Bliss failed to equip the machine with a safety device which would have eliminated the risk of harm to an operator by guarding the point of operation.

The plaintiff, as a matter of law, failed to demonstrate potential liability on the part of the defendant based upon the manufacture, design or sale of the machine in 1925 *(see,*

*Robinson v Reed-Prentice Div.,* 49 NY2d 471; *Silverstein v Walsh Press & Die Co.,* 119 AD2d 658). Moreover, a manufacturer cannot be held liable in negligence or strict products liability "where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of plaintiff's injuries" *(Robinson v Reed-Prentice Div., supra,* at 475). While the precise cause of the plaintiff's injury cannot be determined from the evidence in the record, it is clear that his injury was not proximately caused by any design defect, product malfunction, failure or negligence on the part of the defendant *(see, Silverstein v Walsh Press & Die Co., supra).*

The plaintiff's claim that a factual issue existed as to whether Bliss had a duty to install a guard at the point of operation when the press was manufactured is meritless. As a matter of law, the lack of a guard when the press was manufactured was not a proximate cause of the plaintiff's injury, because the plaintiff was not using an available guard supplied by his employer *(see, Magee v Bliss Co.,* 120 AD2d 926). The record established that the employer had purchased guards to use with the press and which had been used "from time to time" but were not being used by the plaintiff at the time of the accident.

The cause of action sounding in breach of warranty was time barred and was properly dismissed. A cause of action against a manufacturer or distributor based upon breach of warranty must be commenced within four years after it accrues *(see,* UCC 2-725). Such a cause of action accrues on the date the party charged tenders delivery of the product *(see, Heller v U. S. Suzuki Motor Corp.,* 64 NY2d 407). Therefore, this cause of action, interposed approximately 60 years after the manufacturer's sale of the press, was time barred.

Since the court properly granted the defendant Bliss summary judgment dismissing the complaint against it, the court also properly dismissed Bliss's third-party complaint against the plaintiff's employer. Eiber, J. P., Sullivan, Harwood and Balletta, JJ., concur.