■ HENRY NIEVES, Appellant, v E. W. BLISS COMPANY, Third-Party Plaintiff-Respondent. WILLIAMSBURG METAL SPINNING & STAMPING CORPORATION, Third-Party Defendant-Respondent. [647 NYS2d 563] —In an action, inter alia, to recover damages for personal injuries based on negligence and products liability, the plaintiff appeals, as limited by his brief, from (1) stated portions of an order of the Supreme Court, Kings County (Shaw, J.), dated June 22, 1995, which, inter alia, granted that branch of the cross motion by the defendant third-party plaintiff which was for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered August 7, 1995, which, inter alia, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

In the course of his employment with the third-party defendant Williamsburg Metal Spinning & Stamping Corporation (hereinafter Williamsburg), the plaintiff was injured while operating a multipurpose press manufactured in or about 1950 by the defendant third-party plaintiff E.W. Bliss Company, Inc., sued here as E.W. Bliss Company (hereinafter Bliss). The

plaintiff's right hand was injured during an unexpected repeat downward stroke of the ram of the press while he was removing from the die space area a piece of metal he had just processed. At the time of his injury, the plaintiff was not using a pullback device which included wristlets, which was supplied and installed by Williamsburg. The plaintiff testified that the pullback device would prevent an operator's hands from being in the die space area as the ram descended. The plaintiff was aware that his hand could be injured if it was in the die space area as the ram was descending, and he believed that his hand would have been pulled back if he had been wearing the wristlets on the day of the accident.

The Supreme Court properly granted summary judgment dismissing the complaint against Bliss since the lack of a guard at the point of operation on the press at the time of manufacture was not a proximate cause of the plaintiff's injury, "because the plaintiff was not using an available guard supplied by his employer" (see, Csoka v Bliss, 168 AD2d 664, 665, citing Magee v Bliss, 120 AD2d 926).

Furthermore, the plaintiff's expert's affidavit is of no evidentiary value on the issue of design safety, as it is composed of conclusions which are unsupported by any facts or data (see, Van Buskirk v Migliorelli, 185 AD2d 587, 589).

The plaintiff's claim relating to an alleged lack of warning by Bliss is without merit, since under the circumstances as testified to by the plaintiff during his deposition, no warning was necessary (see, Lindsay v Ortho Pharmaceutical Corp., 637 F2d 87; Howard Stores Corp. v Pope, 1 NY2d 110; Banks v Makita, U.S.A., 226 AD2d 659; Lancaster Silo & Block Co. v Northern Propane Gas Co., 75 AD2d 55, 65), and the lack of any warning could not have been the proximate cause of his accident (see, Van Buskirk v Migliorelli, supra at 590).

In light of our determination, we need not address the plaintiff's other contentions. Sullivan, J. P., Pizzuto, Santucci and Hart, JJ., concur.