**Kenneth WHITE, Plaintiff,**

v.

**ABCO ENGINEERING CORP., Defendant.**

**ABCO ENGINEERING CORP., Third–Party Plaintiff,**

v.

**H.S.S. RECYCLING, INC., Hamm's Sanitation, Inc., and HSS, Inc., Third–Party Defendants.**

**No. 95 Civ. 6003(BDP).**

United States District Court, S.D. New York.

Jan. 26, 1998.

John S. Selinger, Levinson, Zeccola, Reineke & Ornstein, P.C., Central Valley, NY, for Plaintiff.

Loretta T. Menkes, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for ABCO Engineering Corp.

Peter J. Christopoulos, Nigro, D'Anna & Utrecht, P.C., Forest Hills, NY, for H.S.S. Recycling, Inc. and Hamm's Sanitation, Inc.

Gerald P. Dwyer, Dwyer & Brennan, New York City, for HSS Inc.

## ORDER AND AMENDED OPINION

PARKER, District Judge.

By Notice of Motion filed January 16, 1998, plaintiff Kenneth White moves to reargue this Court's November 24, 1997 Order granting summary judgment to defendant ABCO Engineering Corp. ("ABCO"). Plaintiff's motion to reargue is granted, and this Court's November 24, 1997 Order is amended as follows:

By Notice of Motion dated October 20, 1997, defendant ABCO Engineering Corp. ("ABCO") moves to reargue an Opinion of this Court dated July 7, 1997 that denied ABCO's motion for summary judgment. Familiarity with that decision is assumed. Opinion incorrectly focused on the manner in which the accident could theoretically have happened, as opposed to the manner in which the undisputed testimony showed the accident in question actually happened. Specifically, ABCO argues that it is entitled to summary judgment since the proximate cause of the accident, as a matter of law, was the material alteration of the equipment in question by someone other than ABCO, a four-inch hole cut with a blowtorch through the side guard of the conveyor. *See Robinson v. Reed–Prentice Division of Package Machinery Co.*, 49 N.Y.2d 471, 426 N.Y.S.2d 717, 718, 403 N.E.2d 440 (1980). Upon reconsideration, this Court has determined that ABCO is correct.

In its denial of defendants' motion for summary judgment, this Court relied upon an affidavit of plaintiff's expert, Dr. Jeffrey Ketchman of Inter–City Testing & Consulting Corporation. In his affidavit, Dr. Ketchman stated:

However, of much greater significance is the fact the subject conveyor was absent side barrier guarding, thus allowing access for both conveyed materials and workers' hands in the nip area inside the conveyor belt *in front of the tail-end pulley.*

The guard allegedly provided by ABCO for the tail-end pulley nip point did not block access, since it was not installed in conjunction with a properly designed side barrier guard, and by itself would not have

guarded the front of the tail pulley where Mr. White's hand entered the mechanism. For this reason the picking line conveyor as sold by ABCO was defective from the safety standpoint and not fit for its intended purpose.

ABCO, however, points out that this conclusion is a theoretical one, one that is not consistent with how the accident actually happened.

■ White has admitted that the accident occurred when he reached through the four-inch hole cut into the side guard. It is not disputed that an employee of Hamm's Sanitation, Inc. installed side guards on the conveyor. After the side guard was installed, someone other than ABCO used a blow torch to cut the four-inch hole through which plaintiff reached and was injured. The accident was thus caused not by a design defect in the components supplied by ABCO, or through any negligence on the part of ABCO, but through substantial, material alterations by someone other than ABCO to defeat a safety component installed on the conveyor by cutting a hole through it. These concessions render inapposite *Breidenstein v. Zurn,* 155 A.D.2d 876, 547 N.Y.S.2d 484 (4th Dept. 1989); *Hierro v. E.W. Bliss Co., Inc.,* 145 A.D.2d 731, 535 N.Y.S.2d 264 (3d Dept.1988); and *McGavin v. Herrick & Cowell Co.,* 118 A.D.2d 982, 500 N.Y.S.2d 85 (3d Dept.1986) because here there is no question that the subsequent modifications, in which ABCO was not involved, substantially altered the machine and proximately caused an accident that would not otherwise have occurred.

■ Therefore on reconsideration, the Court concludes that cutting of a hole into the side guard by someone other than ABCO was a substantial modification that was the proximate cause of plaintiff's injury and consequently that no claimed act or omission by ABCO raises a triable issue of fact. As the Court held in *Robinson v. Reed–Prentice Division of Package Machinery Co.,* 426 N.Y.S.2d at 721, 403 N.E.2d 440, in language fully applicable here:

> The manufacturer's duty, however, does not extend to designing a product that is impossible to abuse or one whose safety features may not be circumvented. A manufacturer need not incorporate safety features into its product so as to guarantee that no harm will come to every user no matter how careless or even reckless (*cf. Aetna Ins. Co. v. Loveland Gas & Elec. Co.,* 12 Ohio Misc. 230, 369 F.2d 648 (6th Cir.); *Drazen v. Otis Elevator Co.,* 96 R.I. 114, 189 A.2d 693). Nor must he trace his product through every link in the chain of distribution to insure that users will not adapt the product to suit their own unique purposes. The duty of a manufacturer, therefore, is not an open-ended one. It extends to the design and manufacture of a finished product which is safe at the time of sale. Material alterations at the hands of a third party which work a substantial change in the condition in which the product was sold by destroying the functional utility of a key safety feature, however foreseeable that modification may have been, are not within the ambit of a manufacturer's responsibility. Acceptance of plaintiff's concept of duty would expand the scope of a manufacturer's duty beyond all reasonable bounds and would be tantamount to imposing absolute liability on manufacturers for all product-related injuries (*see* Henderson, Judicial Review of Manufacturers' Conscious Design Choices: The Limits of Adjudication, 73 Col.L.Rev. 1531).

> Unfortunately, as this case bears out, it may often be that an injured party, because of the exclusivity of workers' compensation, is barred from commencing an action against the one who exposes him to unreasonable peril by affirmatively rendering a safe product dangerous. However, that an employee may have no remedy in tort against his employer gives the courts no license to thrust upon a third-party manufacturer a duty to insure that its product will not be abused or that its safety features will be callously altered by a purchaser (*cf. McLaughlin v. Mine Safety Appliances Co.,* 11 N.Y.2d 62, 71–72, 226 N.Y.S.2d 407, 413–414, 181 N.E.2d 430, 435). Where the product is marketed in a condition safe for the purposes for which it is intended or could reasonably be

intended, the manufacturer has satisfied its duty.

Under New York law, ABCO's motion for summary judgment must be granted.

Plaintiff argues that this Court should apply New Jersey law to the question of ABCO's liability to the plaintiff. Assuming without deciding that plaintiff is correct, New Jersey law would also mandate a grant of summary judgment for ABCO. Plaintiff points to *Brown v. United States Stove Co.,* 98 N.J. 155, 484 A.2d 1234, 1240 (1984) in support of the proposition that a manufacturer cannot escape strict liability for misuse or abnormal use "if the actual use proximate to the injury was objectively foreseeable." Plaintiff, however, overlooks a second issue in *Brown,* one that applies here and lends considerable support to ABCO's position.

In *Brown,* the plaintiff sued the defendant for burns he suffered when excess propane gas from a space heater ignited and set plaintiff's clothes on fire. *Id.* at 1237–38. About fifteen years prior to the accident, plaintiff's employer had substantially altered the heater by removing the pilot light tube, thermocouple valve, and gas safety shut-off valve. As a result, at the time of the accident, the flow of gas to the heater was unregulated and was set at a pressure approximately 100 times greater than that for which the heater was designed. *Id.* at 1237. At trial, plaintiff's expert witness testified that the heater was defective because its design rendered it susceptible to the reasonably foreseeable alterations that were made. *Id.* at 1238. Plaintiff's expert testimony notwithstanding, the trial court ruled that the alterations to the heater were not reasonably foreseeable, the removal by plaintiff's employer of all safety devices was at least "extraordinarily negligent," and the defendant was thus not liable in strict liability. *Id.* The Appellate Division reversed and remanded, holding that the issues decided by the trial court should have been resolved by the jury.

The New Jersey Supreme Court reversed, holding that while there were jury issues regarding the foreseeability of the alterations in question, the manufacturer was absolved from liability because of the subsequent misconduct of the plaintiff's employer. *Id.* In

language equally relevant here, the Court stated:

> In this case, the asserted defect was that the safety device was too easily removable.... No evidence was proffered to indicate that with a proper design the removal of the heater's safety features probably could not have been accomplished or even rendered so substantially difficult as to be unlikely. Rather, the record discloses that the heater was deliberately altered for the specific purpose of operating it beyond its safe capacity....

> Indulging the evidence proffered in support of plaintiff's contentions, it does not overcome the powerful, if not ineluctable, inference that the subsequent course of misconduct was the independent cause of the accident. Any shortcoming by the manufacturer in terms of a design defect was only remotely connected with the eventual accident.

> We conclude that the asserted manufacturing design defect in this case was not a substantial factor in contributing to the accident and hence not a "legal" or proximate cause thereof. It would not square with basic notions of sound public policy and overall fairness to conclude that a manufacturer should, under these circumstances, be held legally responsible for the accidental harm that resulted from the misconduct of others in the misuse of its product.

*Id.* at 1244.

In this case, plaintiff contends both that the ABCO tail guard was too easily removable and that the conveyor should have been sold with ABCO side barrier guards. Whatever ABCO's failures, however, they did not proximately cause plaintiff's accident. Plaintiff fails to provide any evidence that either the tail guard or ABCO side guards would have prevented the subsequent alteration of the conveyor by someone other than ABCO, specifically, the four-inch hole cut with a blowtorch through the side safety guards through which plaintiff reached in and was injured. As in *Brown,* even if issues for the jury remained on the issues of the foreseeability of the removal of the tail guard and sale of the conveyor without ABCO side

guards, the cutting of the hole in the side of the conveyor was the independent cause of the accident for which ABCO is simply not responsible.

For the foregoing reasons, ABCO's motion for summary judgment is granted.

**SO ORDERED.**