■ RISERIOLANDO S. DIAS, Respondent, v MARRIOTT INTERNATIONAL et al., Appellants. (And Two Third-Party Actions.) [674 NYS2d 78] —In an action to recover damages for personal injuries, the defendants Marriott International and International Business Machines, Inc., appeal, and the defendant Eureka Company separately appeals, from an order of the Supreme Court, Rockland County (Bergerman, J.), dated March 10, 1997, which denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motions are granted, and the complaint and the third-party complaints are dismissed.

The plaintiff was an employee of the third-party defendant Clean Sweep Janitorial Services (hereinafter Clean Sweep), which had been hired by the defendant Marriott International (hereinafter Marriott) to clean a conference center owned by the defendant International Business Machines, Inc. (hereinafter IBM). In the performance of his duties, the plaintiff utilized a vacuum cleaner manufactured by the defendant Eureka Company (hereinafter Eureka) and supplied by Marriott.

On April 14, 1994, the plaintiff was cleaning the IBM conference center when a paper clip became lodged in a Eureka vacuum cleaner. In accordance with instructions provided by a co-worker, the plaintiff turned the machine upside down, standing it on its handle, and attempted to dislodge the paper clip with his fingers. The plaintiff did not unplug the vacuum prior to doing so. While the machine was thus standing on its handle and with his fingers still inside the cleaning head, the plaintiff's leg came in contact with the handle, causing the locking mechanism on the handle to disengage. The vacuum cleaner collapsed to the floor. The floor made contact with the push but-

ton power switch and the vacuum turned on. The plaintiff's finger was injured by the rotating cleaning heads.

Contrary to the conclusion of the Supreme Court, we find that the defendants demonstrated their entitlement to summary judgment. Notwithstanding the plaintiff's allegations that the handle of the vacuum was loose, Eureka was not obligated to design an "invincible, fail-safe, and accident-proof" vacuum that was incapable of wearing out (*Mayorga v Reed-Prentice Packaging Mach. Co.*, 238 AD2d 483, 484). Similarly, there is no evidence in the record from which to hold Eureka liable on a theory of failure to warn. The vacuum contained a warning that the machine should be unplugged before servicing. Moreover, the absence of a warning was not a proximate cause of the plaintiff's injuries (*see, Mayorga v Reed-Prentice Packaging Mach. Co., supra; Nieves v Bliss Co.*, 231 AD2d 697). Eureka may not be liable on a theory of failure to warn in light of the obvious danger invited by one who places his fingers inside the mechanism of a plugged in, precariously-perched piece of machinery (*see, DePasquale v Morbark Indus.*, 221 AD2d 409; *Oza v Sinatra*, 176 AD2d 926). Finally, the plaintiff's design defect claim is wholly speculative and conclusory (*see, Nieves v Bliss Co., supra; Bouter v Durand-Wayland, Inc.*, 221 AD2d 902; *Moore v Deere & Co.*, 195 AD2d 1044). Rather, when used in the intended manner for its intended purpose, the vacuum cleaner was reasonably safe (*see, Bouter v Durand-Wayland, Inc., supra*).

Likewise, Marriott and IBM have established their freedom from liability. While the plaintiff claimed that Marriott and IBM breached a duty to maintain the vacuum in a reasonably safe condition, the plaintiff has failed to adduce any persuasive evidence that any such breach was a proximate cause of his accident (*see, Mayorga v Reed-Prentice Packaging Mach. Co., supra*). Rather, at most, IBM and Marriott furnished the occasion for the occurrence (*see, Kelly v Great Neck Union Free School Dist.*, 192 AD2d 696).

The plaintiff's remaining contentions are without merit. Miller, J. P., O'Brien, Pizzuto and Friedmann, JJ., concur.