■ RAYMOND COLEMAN et al., Respondents-Appellants, v CHESEBRO-WHITMAN Co., Appellant-Respondent, et al., Defen-

dant. [690 NYS2d 729] —In an action to recover damages for personal injuries, etc., the defendant Chesebro-Whitman Co. appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated August 28, 1998, as, upon reargument of an order of the same court dated March 31, 1998, denied those branches of its motion which were for summary judgment dismissing the causes of action to recover damages for negligence and strict products liability insofar as asserted against it. The plaintiffs appeal from the order dated March 31, 1998.

Ordered that the appeal by the plaintiffs from the order dated March 31, 1998, is dismissed on the ground that the order is superseded by the order dated August 28, 1998; and it is further,

Ordered that the order is modified by deleting the provision thereof denying that branch of the appellant's motion which was for summary judgment dismissing the cause of action to recover damages for strict products liability based on a failure to warn, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The Supreme Court properly concluded that there remained a triable issue of fact as to whether there was a design or manufacturing defect in the subject ladder (see, Voss v Black & Decker Mfg. Co., 59 NY2d 102; Micallef v Miehle Co., 39 NY2d 376; Bolm v Triumph Corp., 33 NY2d 151).

However, the appellant was entitled to summary judgment dismissing the cause of action to recover damages for strict products liability based on a failure to warn where the plaintiffs failed to allege what the labels would have warned against and in what way the lack of such warnings was a proximate cause of the accident (see, Finguerra v Conn, 252 AD2d 463; Dias v Marriott Intl., 251 AD2d 367; Glucksman v Halsey Drug Co., 160 AD2d 305; Schimmenti v Ply Gem Indus., 156 AD2d 658). Bracken, J. P., S. Miller, Thompson and Sullivan, JJ., concur.