■ GERARD J. SESSA, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Defendants, and F.M.C. JETWAY SYSTEMS, Sued Herein as JETWAY SYSTEMS, INC., et al., Appellant. (And a Third-Party Action.) [749 NYS2d 157] —In an action to recover damages for personal injuries, the defendant F.M.C. Jetway Systems, sued herein as Jetway Systems, Inc., and F.M.C. Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated May 30, 2001, as denied those branches of its motion which were for summary judgment dismissing the causes of action to recover damages for negligence and strict products liability insofar as asserted against it.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the negligence cause of action based on a failure to warn, and substituting therefore a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Trans World Airlines, Inc. (hereinafter TWA), contracted to buy 15 Jetways from F.M.C. Jetway Systems, sued herein as Jetway Systems, Inc., and F.M.C. Corp. (hereinafter F.M.C). F.M.C. manufactured and designed the Jetways and delivered them to TWA. TWA later modified one of the Jetways by cutting out a portion of the floor at its end and welding a depressed steel plate in its place. The plaintiff, an employee of TWA and

the operator of the subject Jetway, was standing on this plate, inspecting the wheels of the Jetway for obstructions, when he fell.

The plaintiff commenced this action against, among others, F.M.C., asserting causes of action to recover damages for, inter alia, negligence and strict products liability. The Supreme Court denied F.M.C.'s motion for summary judgment dismissing those causes of action.

F.M.C. met its initial burden of establishing entitlement to summary judgment on the strict products liability and negligence causes of action based on a manufacturing or design defect of the subject Jetway. In opposition, the plaintiff raised triable issues of fact sufficient to defeat those branches of the motion (*see Coleman v Chesebro-Whitman Co.,* 262 AD2d 265, 266).

However, F.M.C. is entitled to summary judgment dismissing so much of the cause of action to recover damages for negligence as was based upon a failure to warn theory (*see Liriano v Hobart Corp.,* 92 NY2d 232, 241-242; *cf. Hernandez v Biro Mfg. Co.,* 251 AD2d 375, 377). S. Miller, J.P., Friedmann, Crane and Rivera, JJ., concur.