■ KENNETH M. O'BARA, Respondent, v TADEUSZ PIEKOS et al., Doing Business as OUTDOOR EQUIPMENT SALES, Appellants. TADEUSZ PIEKOS, Doing Business as OUTDOOR EQUIPMENT DISTRIBUTORS, et al., Third-Party Plaintiffs-Appellants, v ANDRE TESSIER, Doing Business as ANDY'S TREE AND SHRUB SERVICE, Third-Party Defendant-Respondent.—Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied defendants' motion for summary judgment. Plaintiff was injured in a work-related accident while operating a chain

saw. The accident occurred when the saw kicked back and the blade of the saw cut plaintiff's leg. The saw was purchased by third-party defendant, Andre Tessier, doing business as Andy's Tree and Shrub Service, plaintiff's employer, from the defendants Tadeusz Piekos and Vicki Piekos, doing business as Outdoor Equipment Sales, the franchise dealer of the saw. The saws were manufactured and sold to defendants in parts. The defendants assembled each saw, tested it, and then sold the completed saw to the customer. The saw was sold by the manufacturer with a standard part called a chain brake. The chain brake, a key safety feature, is activated by a handle which is attached to the machine by two bolts. Its purpose is to automatically stop the movement of the chain when the saw kicks back during operation. The chain brake had been removed from the saw prior to the time of plaintiff's accident.

It is well settled that a person injured by a defective and dangerous product may maintain causes of action in New York to recover against both immediate and remote parties based on express or implied warranty, negligence or strict products liability (*Heller v U. S. Suzuki Motor Corp.*, 64 NY2d 407; *Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 106; *Mead v Warner Pruyn Div.*, 57 AD2d 340; Restatement [Second] of Torts § 402 A, comments *c*, *f*). A manufacturer, distributor, or retailer of a product may not be held liable either in negligence or strict products liability where "[m]aterial alterations at the hands of a third party which work a substantial change in the condition in which the product was sold by destroying the functional utility of a key safety feature" (*Robinson v Reed-Prentice Div.*, 49 NY2d 471, 481). Where, however, a product is purposefully manufactured to permit its use without a key safety feature, it is for the jury to determine the scope of the product's intended purposes and whether the product was reasonably safe when placed in the stream of commerce (*Lopez v Precision Papers*, 107 AD2d 667, *affd* 67 NY2d 871, 873).

Defendants seek to avoid liability by claiming that the plaintiff substantially changed the saw's condition by removing the chain brake and that this was the proximate cause of plaintiff's injuries. In moving for summary judgment, defendants were required to establish their defense "sufficiently to warrant the court as a matter of law in directing [summary] judgment" in its favor (CPLR 3212 [b]; *Iselin & Co. v Mann Judd Landau*, 71 NY2d 420). Defendants failed to do so. Although defendants have made an evidentiary showing that the chain saw was complete with chain brake at the time it

was sold and thereafter was subsequently modified by the removal of the brake, the plaintiff has submitted evidence sufficient to support an inference that the defendants sold the saw without the chain brake. Moreover, the plaintiff established that the defendants removed chain brakes from other saws at the request of the third-party defendant; that the purpose of removal of the chain brake was to increase the saw's productivity; and that the removal of the chain brake was a condition of the sale. Finally, the plaintiff has denied knowing who removed the brake. Thus, it is for a jury to decide whether the chain brake was attached to the saw at the time of its sale, and if it was, whether the saw was purposefully manufactured and assembled to permit its use without a chain brake, the scope of such use, and whether the product was reasonably safe when sold. In addition, it is for the jury to determine the question whether the removal of the chain brake worked a substantial change in the saw's condition and was a proximate cause of the plaintiff's injuries. Finally, a factual issue is presented whether plaintiff's use of the saw without the chain brake was an intervening, superseding cause of his injuries. (Appeal from order of Supreme Court, Niagara County, Fallon, J.—summary judgment.) Present—Dillon, P. J., Doerr, Green, Lawton and Lowery, JJ.