■ RALPH VAN BUSKIRK et al., Appellants-Respondents, v FRANK MIGLIORELLI et al., Defendants, and GEHL COMPANY, Respondent-Appellant.—Mercure, J. Cross appeals (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered June 4, 1991 in Dutchess County, which, *inter alia,* granted defendant Gehl Company's motion for summary judgment dismissing the complaint against it.

Plaintiff Ralph Van Buskirk (hereinafter plaintiff) suffered severe injuries in November 1985, including "[t]raumatic amputation of the right arm at the proximal humerus subcapital level", while operating a model BU-710 forage wagon manu-

factured in 1967 by defendant Gehl Company (hereinafter defendant). At the time of the accident, plaintiff was in the course of his employment at Linden Farms. Plaintiff and his wife, derivatively, commenced this action against defendant, among others, to recover damages under theories of breach of warranty, negligence and strict products liability. After joinder of issue and pretrial discovery, defendant moved for summary judgment dismissing the complaint against it. Defendant also moved for an order precluding plaintiffs from calling their expert witness at trial, and plaintiffs cross-moved for an order precluding defendant from calling its expert witnesses. Supreme Court granted defendant's summary judgment motion on the basis, *inter alia,* that the strict products liability and negligence causes of action are governed by the principles of *Robinson v Reed-Prentice Div. of Package Mach. Co.* (49 NY2d 471), and the forage wagon had been materially altered. The remaining motions were denied as moot. These cross appeals ensued. We affirm.

The forage wagon has no internal power source and must receive its power from a tractor through a power takeoff shaft or driveline. The driveline has two telescoping halves; the female end connects to the tractor power takeoff, and the male end extends out from the female end and connects to the conveyor drive shaft of the forage wagon. To protect the operator, the machine is designed and manufactured with a protective shield, called the universal drive guard, which completely covers the conveyor drive shaft. Further, the female shaft is shielded by the "female guard tube" and the male shaft by the "male guard tube". At the time of plaintiff's injury, he was standing at the front end of the wagon near the power takeoff shaft and was pulled into the universal joint and driveline shaft when he attempted to increase the wagon's speed using the control lever. It is undisputed that the universal drive guard and male guard tube were both missing at the time of the accident.

In support of its motion for summary judgment, defendant submitted an affidavit of its former director of engineering, depositions of plaintiff, the farm manager and defendant Salvatore Leone, and documentary evidence which demonstrated that the universal drive guard and the shield covering the male shaft were in place when the wagon left the factory and missing at the time of the accident. Further, defendant put forth proof that the missing universal drive guard was not intended to be removable and, in fact, could not be removed

without the proper tools. The evidence also showed that the wagon was manufactured and sold with appropriate warning and safety decals, including a warning "just to the left of the [control] lever * * * [which] states 'keep all shields in place' and 'keep hands, feet and clothing away from power driven parts' ", and that the "original safety decals were either stripped off or painted over".

In our view, the evidence submitted on the motion was sufficient, if not contradicted, to eliminate any material factual issues as to defendant's liability *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). The manufacturer of a product which is reasonably safe for its intended use *(see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 107-108) cannot be held liable for personal injury in theories of either negligence or strict products liability based upon a design defect if, after the product leaves the possession and control of the manufacturer, there are substantial modifications which proximately cause the plaintiff's injuries *(Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 532-533; *Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471, 475, *supra).* Here, defendant demonstrated that the wagon was reasonably safe as manufactured and sold *(see, Voss v Black & Decker Mfg. Co., supra,* at 108), but that the removal of the guards destroyed the wagon's intended safety feature by exposing the power takeoff shaft and allowing it to continue to rotate after contact was made with it *(see, Robinson v Reed-Prentice Div. of Package Mach. Co., supra,* at 481). The burden thus shifted to plaintiffs to come forward with evidentiary proof in admissible form sufficient to require a trial *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

In opposition to the motion, plaintiffs submitted the affidavit of their expert, a professional engineer and certified safety specialist. It was the expert's opinion that defendant could have more safely designed the wagon by incorporating "interlocked mechanisms such that if the [safety] guard was removed and not replaced, the [wagon would be] rendered inoperable". The expert also averred that the control lever should have been relocated and new safety features incorporated to counteract the removal of the safety guards. These conclusory assertions, unsupported by any facts or data, are insufficient to raise a triable issue of fact *(see, Amatulli v Delhi Constr. Corp., supra,* at 533). Significantly, the expert does not state that the accident would have occurred even if the missing safety guards were in place. Clearly, a manufac-

turer's duty "does not extend to designing a product that is impossible to abuse or one whose safety features may not be circumvented" *(Robinson v Reed-Prentice Div. of Package Mach. Co., supra,* at 480-481). Nor is there any evidence that defendant sought a competitive advantage by purposely manufacturing a removable guard *(cf., Lopez v Precision Papers,* 67 NY2d 871; *O'Bara v Piekos,* 161 AD2d 1118, 1119-1120).

Similarly meritless is plaintiffs' claim that they raised triable issues of fact concerning the adequacy of defendant's warnings of the danger of the rotating shafts. First, defendant submitted proof that the wagon was manufactured and sold with appropriate warnings and safety decals, but that they were subsequently either stripped off or painted over. Clearly, a material alteration of the wagon's warning decal safety feature has the effect of relieving defendant, as manufacturer, of any potential liability *(see, Robinson v Reed-Prentice Div. of Package Mach. Co., supra,* at 478-481; *Denkensohn v Davenport,* 144 AD2d 58, 63, *affd on other grounds* 75 NY2d 25). Moreover, "inasmuch as a warning would not have given plaintiff any better knowledge of the [obvious dangers of working in close proximity to the exposed power takeoff shaft] than he had already acquired through his prior [experience] or than was 'readily discernible' from observation * * * the absence of any warning could not have proximately caused plaintiff's injuries" *(Baptiste v Northfield Foundry & Mach. Co.,* 184 AD2d 841, 843-844; *see, Smith v Stark,* 67 NY2d 693, 694).

The remaining arguments of the parties either lack merit or are academic.

Mikoll, J. P., Levine, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.