STEVEN MOORE, Respondent, v DEERE & COMPANY et al., Appellants. [600 NYS2d 534] —Order unanimously reversed on the law without costs, motions granted and complaint dismissed. Memorandum: Plaintiff sustained serious injuries when his arm was drawn into the rotating power takeoff driveline between a tractor and a wagon. One of the safety shields that covers the driveline had been removed by plain-

tiff's employer. Plaintiff commenced an action seeking damages for the personal injuries he sustained against Deere & Company, the manufacturer, and Goodridge Farm Supply, Inc., the supplier. Defendants moved for summary judgment, contending that the removal of the safety guard was a material alteration of the product and was the proximate cause of plaintiff's injuries. Supreme Court denied defendants' motions. We reverse.

The manufacturer and supplier of a product are not liable for injuries proximately caused by a material alteration of the product that destroys the functional utility of a key safety feature *(see, Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 532; *Robinson v Reed-Prentice Div.,* 49 NY2d 471, 479; *Frey v Rockford Safety Equip. Co.,* 154 AD2d 899; *Miller v Anetsberger Bros.,* 124 AD2d 1057; *Magee v Bliss Co.,* 120 AD2d 926, 927). In support of their motions for summary judgment, defendants submitted the affidavit of an engineer, who averred that the removal of the safety shield was the proximate cause of plaintiff's injuries because, had the shield been in place, plaintiff's hand would not have come into contact with the rotating driveline. Significantly, plaintiff's expert did not state that plaintiff's accident would have occurred even if the missing safety shield had been in place *(see, Van Buskirk v Migliorelli,* 185 AD2d 587, 589, *lv denied* 80 NY2d 761; *see also, Wood v Peabody Intl. Corp.,* 187 AD2d 824). Plaintiff's expert's assertion that the tractor was defective because it was not equipped with a kill switch located near the power takeoff was conclusory and insufficient to defeat summary judgment *(see, Amatulli v Delhi Constr. Corp., supra,* at 533; *Van Buskirk v Migliorelli, supra).* Moreover, although plaintiff's expert averred that kill switches were state-of-the-art at and before the time of plaintiff's accident in 1986, he did not state that kill switches were state-of-the-art in 1967 when this tractor was manufactured. Finally, plaintiff presented no evidence to support an inference that the product was purposefully manufactured to permit its use without the safety guards *(cf., Lopez v Precision Papers,* 67 NY2d 871; *Aviles v Eagle Picher Corp.,* 167 AD2d 495, 497). Defendants' evidence demonstrated that the safety guards were affixed to the product, the wagon was imprinted with a warning against operating the machinery without all of the safety shields in place, and the operator's manual contained a similar warning. Plaintiff's breach of warranty causes of action are time-barred *(see, Heller v U.S. Suzuki Motor Corp.,* 64 NY2d 407; *Csoka v Bliss,* 168 AD2d

664, 665). Consequently, defendants were entitled to summary judgment dismissing plaintiff's complaint. (Appeals from Order of Supreme Court, Genesee County, Wolf, Jr., J.—Summary Judgment.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.