■ JOSEPH NERI, Respondent, v JOHN DEERE COMPANY et al., Appellants. (And a Third-Party Action.) [621 NYS2d 227] —Crew III, J. Appeal from an order of the Supreme Court (Best, J.), entered February 15, 1994 in Montgomery County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff, while attempting to shut off a John Deere forage wagon, was seriously injured when his shirt became entangled in an exposed portion of the power take-off shaft. As a result, plaintiff commenced this personal injury action against the manufacturer, defendant John Deere Company, and the dealer that sold the wagon, defendant K.C. Canary, Inc., alleging that the power take-off unit was defectively designed and that defendants failed to adequately warn users of the dangers inherent in the wagon's use. After joinder of issue, defendants moved for summary judgment dismissing the complaint. Defendants' respective motions were denied and this appeal ensued.

Initially, defendants assert that they cannot be liable in negligence or strict products liability based upon a design defect because there have been substantial modifications of the power take-off unit since the wagon left the possession and control of defendants (see, e.g., Van Buskirk v Migliorelli, 185

AD2d 587, 589, *lv denied* 80 NY2d 761). We disagree. The evidence before us indicates that a clip used to hold a safety shield in place slipped out of position, thereby exposing a portion of the power take-off shaft. There is no record evidence that a " 'third party affirmatively abuse[d] [the] product by consciously bypassing built-in safety features' " *(Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533, quoting *Robinson v Reed-Prentice Div.*, 49 NY2d 471, 480). Accordingly, defendants failed to make out a prima facie case of entitlement to summary judgment.

We agree with defendants' contention, however, that plaintiff's failure to warn claims should have been dismissed. The record reflects that there were decals affixed to the wagon which stated: "CAUTION: Do not operate the forage wagon with the shields removed. Keep hands, feet, and clothing away from moving parts." Plaintiff remembers seeing the decals but does not remember what they said. Additionally, plaintiff conceded that he was aware that the shield was not in place at the time of the accident and that he knew he should avoid the moving parts of the machinery. Finally, plaintiff had been using a forage wagon since he was 14 years of age. It is clear, therefore, that further warnings would not have given plaintiff any greater knowledge of the obvious dangers involved in working with the wagon in question than he already had acquired through his own observations and experience *(see, Van Buskirk v Migliorelli, supra,* at 590). Accordingly, defendants' motions for summary judgment as to those claims based upon failure to warn should have been granted.

Cardona, P. J., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motions to dismiss the claims based upon failure to warn; motions granted to that extent and said claims dismissed; and, as so modified, affirmed.