■ Robert M. Clute, Respondent, v Albert Paquin et al., Respondents, and Mahlon Perkins, Appellant. [631 NYS2d 463] —Mikoll, J. P. Appeal from an order of the Supreme Court (Coutant, J.), entered December 14, 1994 in Broome County, which, *inter alia*, partially denied defendant Mahlon Perkins'

motion for summary judgment dismissing the complaint against him.

In February 1989, plaintiff was a 16-year-old farmhand employed by defendants Albert Paquin and Anna Paquin. He was operating a 40-year-old tractor which the Paquins had purchased two months prior thereto from defendant Mahlon Perkins. Plaintiff was injured when a rotating metal bolt that protruded from the tractor pierced his arm. The bolt had been added to the tractor's power takeoff shaft by Perkins about two years prior to its sale to the Paquins, in order to attach an adaptor sleeve enabling the tractor to power modern farm equipment.

Plaintiff brought a negligence action against the Paquins in January 1992. In September 1993, plaintiff brought an action against Perkins, alleging causes of action sounding in breach of the implied warranty of fitness, strict products liability and common-law negligence. In response to the parties' pretrial motions, Supreme Court consolidated the actions and then granted partial summary judgment in favor of Perkins by dismissing plaintiff's causes of action sounding in strict products liability and implied warranty. The court did not, however, dismiss plaintiff's negligence causes of action against either the Paquins or Perkins. As to Perkins, the court found that there was a question of fact as to whether he was guilty of negligence by modifying the tractor with the addition of the bolt. Perkins now appeals.

We hold that Perkins did not violate a duty of care to plaintiff. It is beyond dispute that Perkins, an attorney by profession, is a "casual seller" of used farm machinery, having sold such equipment on only one other occasion in the 20 years prior to his sale of the tractor to the Paquins (*see, Stiles v Batavia Atomic Horseshoes*, 81 NY2d 950, 951). "The casual or occasional seller of a product does not undertake the special responsibility for public safety assumed by those in the business of regularly supplying those products" (*Sukljian v Ross & Son Co.*, 69 NY2d 89, 95). Instead, the duty imposed upon a casual seller is the duty "[a]t most * * * to warn the person to whom the product is supplied of known defects that are not obvious or readily discernible" (*supra*, at 97).

Hence, the duty imposed upon Perkins was that of warning the Paquins of any known defects in the tractor that were not obvious or readily discernible (*see, Ruggiero v Braun & Sons*, 141 AD2d 528, 529, *lv denied* 73 NY2d 707; *Copp v Corning Glass Works*, 114 AD2d 144, 147). He owed no duty to plaintiff. Plaintiff's negligence cause of action against Perkins is accordingly dismissed.

Crew III, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as denied defendant Mahlon Perkins' motion regarding plaintiff's negligence cause of action; motion granted to that extent, summary judgment awarded to Perkins and said cause of action is dismissed against him; and, as so modified, affirmed.