■ SHIRLEY BOUTER et al., Respondents, v DURAND-WAYLAND, INC., Appellant. [634 NYS2d 597] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: In 1973, defendant's predecessor designed for and sold to the predecessor of third-party defendant an apple-sizing machine. As designed, the moving parts of the machine were more than six feet off the ground. Further, apples traveled through the machine in three conveyor lanes with openings between them. If apples became jammed, the excess apples would be ejected over the edges and fall to the floor.

At some point between 1973 and January 24, 1991, third-party defendant or its predecessor made substantial modifications to the machine. A catwalk was installed, running the length of the machine, from which employees were expected to operate the machine. When an employee stood on the catwalk, the moving parts, including rotating shafts, were at knee level. Moreover, sheet metal was installed between the conveyor lanes, eliminating the overflow feature. On January 24, 1991, Shirley Bouter (plaintiff), an employee of third-party defendant, was breaking up jammed apples with her right gloved hand when the glove became entangled in a rotating shaft. As she attempted to free her right hand with her left hand, both hands and forearms were drawn into the moving parts of the machine. Plaintiff suffered severe fractures of both forearms.

Plaintiff commenced this action against defendant, alleging that the machine was defectively designed without safety guards over the rotating shafts or a kill switch to stop the shafts from rotating upon contact with a foreign object. Defendant commenced a third-party action against plaintiff's employer, and moved for summary judgment dismissing the complaint on the ground that subsequent modifications to the apple-sizing machine were the proximate cause of plaintiff's injuries. Supreme Court denied the motion. We reverse.

It is well settled that a manufacturer is not liable for injuries proximately caused by the material alteration of a product that destroys the functional utility of a key safety feature *(Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 532; *Robinson v*

*Reed-Prentice Div.,* 49 NY2d 471, 479; *Moore v Deere & Co.,* 195 AD2d 1044, 1045, *lv denied* 82 NY2d 663; *Van Buskirk v Migliorelli,* 185 AD2d 587, 589, *lv denied* 80 NY2d 761).

Defendant submitted proof sufficient to demonstrate that the apple-sizer was reasonably safe as designed and that material alterations to the machine made by third-party defendant or its predecessor created the conditions that led to plaintiff's injuries. Specifically, defendant submitted proof that the machine was designed so that all moving parts of the machine were inaccessible to operators. The subsequent installation of a catwalk placed the moving parts at knee level. Defendant further demonstrated that the overflow feature in the design to prevent jamming of fruit had been eliminated by the installation of sheet metal between the conveyor lanes. The burden then shifted to plaintiff to come forward with evidentiary proof sufficient to require a trial *(see, Van Buskirk v Migliorelli, supra,* at 589).

In opposition, plaintiff submitted the affidavit of a professional engineer, who stated that the machine was defective because it should have been equipped with guards around the rotating shafts and with a kill switch. Those assertions, conclusory and unsupported by facts or data, are insufficient to raise a triable issue of fact *(see, Amatulli v Delhi Constr. Corp., supra,* at 533; *Van Buskirk v Migliorelli, supra,* at 589). Plaintiff's expert failed to indicate that a kill switch was state of the art in 1973 when this machine was made *(see, Moore v Deere & Co., supra,* at 1045; *cf., Green v Kautex Machs.,* 159 AD2d 945, 946). Although safety guards may have prevented plaintiff's injuries, plaintiff's expert simply ignores the evidence that, had a catwalk not been installed, the machine's rotating shafts would not have been accessible to plaintiff. Finally, plaintiff's expert failed to rebut defendant's evidence that the machine as designed, with an overflow feature, would not have allowed apples to become jammed to the point of requiring operator intervention. In any event, if jamming did occur, workers would not have been able to remove apples by hand if a catwalk had not been installed. (Appeal from Order of Supreme Court, Orleans County, Gorski, J.—Summary Judgment.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.