■ JAY ERNEST et al., Appellants, v S.M.S. ENGINEERING, INC., Formerly Known as SUTTON ENGINEERING COMPANY, Respondent, et al., Defendant. [635 NYS2d 799] —Crew III, J. Appeal from an order of the Supreme Court (Hughes, J.), entered January 30, 1995 in Rensselaer County, which granted a motion by defendant S.M.S. Engineering, Inc. for summary judgment dismissing the complaint and all cross claims against it.

At all times relevant to this appeal, plaintiff Jay Ernest (hereinafter plaintiff) was employed by Al-Tech Industrial Steel Facility located in the City of Watervliet, Albany County. In 1966, Al-Tech's predecessor purchased a 20 SD Sutton 5 Roll Straightener from Sutton Engineering Company, the predeces-

sor to defendant S.M.S. Engineering, Inc. (hereinafter defendant). The machine was used to straighten newly milled steel piping to commercial tolerances. In September 1989, while operating the machine in question, plaintiff was injured when a piece of steel that he was feeding into the machine caught and pulled him into the equipment. Plaintiff and his spouse, derivatively, thereafter commenced this action against defendant and another corporation, setting forth causes of action sounding in negligence and strict products liability. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint and all cross claims asserted against it. Supreme Court granted defendant's motion, and this appeal by plaintiffs followed.

It is well settled that a manufacturer who places a defective product into the stream of commerce may be liable for the injuries caused thereby (*see, Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 532; *Robinson v Reed-Prentice Div.*, 49 NY2d 471, 478). To that end, the defect in question may consist of a manufacturing defect, a design defect or an inadequacy in, or the absence of, warnings for the use of the product (*see, supra*). It is equally well settled, however, that a manufacturer who has designed and produced a safe product will not be liable for substantial modifications or alterations made by a third party which render the product defective or otherwise unsafe (*see, Amatulli v Delhi Constr. Corp.*, *supra*, at 532-533; *Robinson v Reed-Prentice Div.*, *supra*, at 479; *Moore v Deere & Co.*, 195 AD2d 1044, 1045, *lv denied* 82 NY2d 663; *Van Buskirk v Migliorelli*, 185 AD2d 587, 589, *lv denied* 80 NY2d 761).

In support of its motion for summary judgment, defendant submitted, *inter alia*, the affidavit of Thomas Andrews, an engineer employed by defendant for over 25 years with experience in the design and manufacture of commercial straighteners. Through Andrews' affidavit and other proof in the record, defendant made a prima facie showing that at the time the machine in question was delivered to Al-Tech's predecessor, it was equipped with certain safety devices—namely, an entry guide trough with adjustable side arms, which directed the leading end of the piping into the first set of straightening rolls, thereby eliminating the need for the operator to personally manipulate the piping, and a remote operator's station which, when initially installed, permitted the operator to control the machine from a safe distance.

Defendant further established that at some point subsequent thereto, the adjustable side arms, which could not be removed from the entry guide trough without proper tools, were in fact

removed and an additional control panel, neither designed, manufactured nor installed by defendant, was installed approximately eight inches away from the machine. According to Andrews, had the entry guide trough remained intact and had plaintiff been operating the machine from the remote control station provided by defendant, it would have been impossible for plaintiff to have sustained his injuries. Thus, defendant met its burden of establishing that the machine in question was substantially modified at the hands of a third party and that said modifications destroyed its intended safety features (*see, Robinson v Reed-Prentice Div.*, 49 NY2d 471, 479-480, *supra*; *Van Buskirk v Migliorelli*, 185 AD2d 587, 589, *supra*), thus shifting the burden to plaintiffs to tender sufficient proof in admissible form to require a trial. This plaintiffs failed to do.

Plaintiffs' expert, who was unaware at the time of his inspection and evaluation of the machine that it was equipped with the aforesaid safety features at the time of purchase, opined that additional safety features could have been incorporated into the machine's design and that the entry guide trough should have been designed in such a manner that removal of the adjustable side arms would have rendered the machine inoperable. Such assertions are conclusory in nature and are insufficient to raise triable issues of fact in this regard (*see, Van Buskirk v Migliorelli, supra*, at 589). Notably, plaintiffs' expert did not opine that the accident would have occurred even if the altered safety features had remained intact (*see, supra*). Moreover, defendant was not required to design and manufacture a product whose safety features were impossible to circumvent (*see, Robinson v Reed-Prentice Div., supra*, at 480-481). Thus, to the extent that plaintiffs' complaint alleges negligence and strict products liability based upon either a manufacturing or design defect, it is clear that Supreme Court's decision to grant defendant summary judgment on those causes of action was entirely appropriate. Finally, contrary to plaintiffs' assertion, the substantial modification rule applies to failure to warn claims as well (*see, Robinson v Reed-Prentice Div., supra*; *Frey v Rockford Safety Equip. Co.*, 154 AD2d 899) and, hence, to the extent that plaintiffs' complaint alleges such a cause of action, it too was properly dismissed. Plaintiffs' remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.