■ TEDDY KOTARSKI et al., Respondents, v LEO KOTECKI & SONS, INC., et al., Appellants, et al., Defendants. [661 NYS2d 804] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs brought this action seeking damages for personal injuries sustained due to carbon monoxide poisoning arising from the alleged negligent and defective manufacture, design and installation of a heating system in plaintiffs' home.

Supreme Court erred in denying the motion of defendant Michigan Furnace Company (Michigan) for summary judgment dismissing the complaint and cross claims against it. Michigan established as a matter of law that its product, an automatic damper, was not defectively designed or manufactured, that it provided adequate warnings and that the alleged failure to warn was not a proximate cause of plaintiffs' injuries (*see, Codling v Paglia*, 32 NY2d 330; *Cramer v Toledo Scale Co.*, 158 AD2d 966, 967). Michigan also established as a matter of law that it is entitled to summary judgment dismissing the negligence and breach of warranty causes of action asserted against it. In addition, defendants Michigan, Utica Boilers, Inc. (Utica), and Leo Kotecki & Sons, Inc. (Kotecki), are entitled to summary judgment dismissing the private nuisance cause of action. There is no evidence in the record to support the allegation of nuisance (*see, Andersen v University of Rochester*, 91 AD2d 851, 852; *Nalley v General Elec. Co.*, 165 Misc 2d 803, 807; *see generally*, 81 NY Jur 2d, Nuisance, § 6).

The court also erred in refusing to dismiss the negligence cause of action against Utica insofar as it alleges that Utica negligently installed and maintained the boiler. It is undisputed that Utica neither installed nor performed maintenance on the boiler.

Finally, because plaintiffs failed to show that the nature of their injuries have " 'an important bearing' on the issue of liability" (*Armstrong v Adelman Automotive Parts Distrib. Corp.*, 176 AD2d 773, 774), we conclude that the court improperly exercised its discretion in denying defendants' motions for a bifurcated trial (*see,* 22 NYCRR 202.42 [a]).

We have considered the remaining contentions raised on appeal and conclude that they are without merit. Thus, we modify the order by granting the motion of Michigan for summary judgment dismissing the complaint and cross claims against it, granting in part the motion of Utica for summary judgment and dismissing the nuisance cause of action and the negligence cause of action insofar as it alleges negligent installation and maintenance against it, granting in part the motion of Kotecki for summary judgment and dismissing the nuisance cause of action against it, and granting Utica and Kotecki a bifurcated trial. (Appeals from Order of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Denman, P. J., Pine, Callahan and Fallon, JJ.