(August 21, 1997)

■ WILLIAM A. SMITH et al., Respondents, v ROYCE W. DAY COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant-

Respondent, and RAYMOND CORPORATION, Appellant. YAUN COMPANY, INC., Third-Party Defendant-Appellant. [661 NYS2d 101] —White, J. Appeal from an order of the Supreme Court (Torraca, J.), entered September 5, 1996 in Sullivan County, which denied motions by defendants and third-party defendant for, *inter alia*, summary judgment dismissing the complaint.

Around 1986, defendant Royce W. Day Company, Inc. sold a used forklift truck that had been manufactured by defendant Raymond Corporation to third-party defendant, Yaun Company, Inc. The forklift could function as a conventional forklift truck or an order picker truck for elevated work. When used as an order picker the operator was outside the cab, standing on an operator's platform that was secured by means of a latching device to the elevating carriage of the forklift from which it could not fall. Once secured, the platform would be attached to whatever lifting surface the operator was intending to use, such as a pallet or skid. From this platform, the operator could drive the truck and raise and lower the platform and lifting surface through the use of remote controls.

On April 23, 1990, plaintiff William A. Smith (hereinafter plaintiff), an employee of Yaun, was using the forklift as an order picker; however, he was not utilizing the operator's platform manufactured by Raymond, but one Yaun designed and had manufactured. This platform resembled a pallet except that it had a solid wooden surface with two metal channels underneath it into which the forklift's forks were inserted. Instead of a permanent latching system, a metal chain was used to secure the platform to the forklift and prevent it from sliding off the forks. For some reason, the Yaun platform came off the forks, causing plaintiff to fall six feet to the floor and to sustain serious personal injuries.

Thereafter, plaintiff and his wife, derivatively, commenced this action asserting causes of action in strict products liability and negligence premised on the theory that the forklift was defectively designed in that it did not incorporate an interlock system that would have prevented the use of the forklift as an order picker when the operator's platform was not securely attached. Following discovery, defendants and Yaun moved for summary judgment dismissing the complaint. Supreme Court denied the motion, prompting this appeal.

A manufacturer who has designed and produced a safe product will not be liable if, after the product has left its possession and control, there is a significant modification which substantially alters the product provided the modification is the proximate cause of the injury (*see, Ernest v S.M.S. Eng'g,* 223

AD2d 801, 802; *Van Buskirk v Migliorelli*, 185 AD2d 587, 589, *lv denied* 80 NY2d 761). Defendants maintain that the forklift was safe when used with the fully secured Raymond platform. Further, they contend that the proximate cause of plaintiff's accident was his use of the Yaun platform that apparently had not been adequately secured to the forklift.

This proof does not necessarily entitle defendants to summary judgment because a manufacturer may be held liable where its product is purposefully manufactured to permit its use without a safety device that is designed to be removable (*see, O'Bara v Piekos*, 161 AD2d 1118, 1119; *LaPaglia v Sears Roebuck & Co.*, 143 AD2d 173, 177, *lv dismissed and denied* 74 NY2d 624; *Lopez v Precision Papers*, 107 AD2d 667, 669, *affd* 67 NY2d 871). Here, Raymond's documents unequivocally state that its platform with its permanent latching system is easily removable to enable rapid conversion between the forklift's functions. Moreover, as this incident illustrates, the forklift could be operated with a different platform that was not positively attached to the forklift. In view of this we believe it should be for the jury to determine the scope of the forklift's intended purposes and whether it was reasonably safe when placed in the stream of commerce (*see, McAvoy v Outboard Mar. Corp.*, 134 AD2d 245, 246). Accordingly, summary judgment was properly denied with respect to plaintiffs' causes of action based upon the design defect theory.

Although plaintiffs' failure to warn claim was not alleged in their complaint, but only in their bill of particulars, Supreme Court properly considered it given the fact that defendants challenged it in their moving papers (*see, Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 281; *Stiber v Cotrone*, 153 AD2d 1006, 1007, *lv denied* 75 NY2d 703; *Ayala v V & O Press Co.*, 126 AD2d 229, 234). Inasmuch as there were no explicit warnings on the forklift that it was not to be used without the Raymond platform and as the proof is inconclusive as to whether Royce W. Day Company provided Yaun with an operator's manual containing such warning, we agree with Supreme Court that the adequacy of the warnings is a question of fact for the jury (*see, Harrigan v Super Prods. Corp.*, 237 AD2d 882, 882-883). However, while Supreme Court's refusal to dismiss this cause of action was proper, it should have directed plaintiffs to serve an amended complaint encompassing this cause of action (*see, Alvord & Swift v Muller Constr. Co., supra*).

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs,

by directing plaintiffs to serve an amended complaint in accordance herewith within 20 days of the date of this Court's decision, and, as so modified, affirmed.