■ ENNA BONILLA, Respondent, v SCHJELDAHL, INC., Also Known as SHELDAHL, INC., Also Known as G.T. SCHJELDAHL Co., et al., Appellants. (And Two Third-Party Actions.) [662 NYS2d 782] —In an action, *inter alia,* to recover damages for personal injuries, Candy Manufacturing Co., Inc., appeals from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), entered June 7, 1996, as denied its cross motion for summary judgment dismissing (a) the complaint insofar as asserted against it and (b) the counterclaim by the third-party defendant Poly-Pak Industries, Inc., and Schjeldahl, Inc., a/k/a Sheldahl, Inc., a/k/a G.T. Schjeldahl Co. separately appeals, as limited by its notice of appeal and brief, from so much of the order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from by Candy Manufacturing Co., Inc., on the law, and its cross motion for summary judgment dismissing the complaint insofar as asserted against it and the counterclaim by the third-party defendant Poly-Pak Industries, Inc., is granted; and it is further,

Ordered that the order is modified, on the law, by deleting the provision denying that branch of the motion by Schjeldahl, Inc., a/k/a Sheldahl, Inc., a/k/a G.T. Schjeldahl Co. which was to dismiss so much of the complaint as was asserted against it for injuries to the plaintiff's hand, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from by Schjeldahl, Inc.; and it is further,

Ordered that the appellants are awarded one bill of costs.

While the plaintiff was employed by Poly-Pak Industries, Inc. (hereinafter Poly-Pak), her hair became caught on a draw roller of a Poly-Bag machine which was making plastic bags. As the plaintiff attempted to pull her hair free, her right hand got caught in the unguarded beveled gears. Poly-Pak had added the gears to the machine in order to drive a "Candy Switch" timing device, which Poly-Pak had also added to the machine. As a result, the plaintiff suffered a scalp injury and the amputation of the tips of her fingers on her right hand. The plaintiff brought this action against Schjeldahl, Inc., a/k/a Sheldahl, Inc., a/k/a G.T. Schjeldahl Co. (hereinafter Schjeldahl), the manufacturer of the machine, and Candy Manufacturing Co., Inc. (hereinafter Candy), the manufacturer of the "Candy switch".

A manufacturer cannot be held liable in negligence or strict products liability "where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of plaintiff's injuries" (*Robinson v Reed-Prentice Div.*, 49 NY2d 471, 475; *Alvarado v Otto Martin Maschinebau GMBH & Co.*, 236 AD2d 345; *Wyda v Makita Elec. Works*, 232 AD2d 407; *Csoka v Bliss*, 168 AD2d 664). This applies whether the plaintiff seeks to hold the defendants liable for an alleged product defect or for an alleged failure to warn (*see, Robinson v Reed-Prentice Div., supra; Frey v Rockford Safety Equip. Co.*, 154 AD2d 899).

In the instant case, Poly-Pak modified the machine by attaching a "Candy switch" to the machine by means of certain beveled gears. These beveled gears were not part of the "Candy switch" as originally manufactured, nor were the "Candy switch" or the gears provided by Schjeldahl as part of the machine. The injuries to the plaintiff's right hand were caused by the unguarded gears which Poly-Pak added, and not the "Candy switch" or the unmodified machine. Therefore, the plaintiff's hand injuries were not proximately caused by any defect, product malfunction, failure, or negligence on the part

of Schjeldahl or Candy. Moreover, Candy is not liable for the plaintiff's scalp injury.

The instruction booklet which was supplied with the "Candy switch" only described how to adjust and operate it. However, since almost every mounting of the "Candy switch" was unique, it was not practicable to provide instructions as to how to put the "Candy switch" onto a machine, since there were too many possible ways to install the switch. Therefore, we find that the plaintiff's hand injury also was not proximately caused by any failure to warn on the part of Candy.

We note that Schjeldahl has admitted the existence of a factual question as to its liability for the plaintiff's scalp injury. Copertino, J. P., Thompson, Friedmann and Florio, JJ., concur.