■ CESAR R. HERNANDEZ, Appellant-Respondent, v BIRO MANUFACTURING COMPANY et al., Respondents, PORK KING SAUSAGE, INC., Respondent-Appellant, et al., Defendants. (And a Third-Party Action.) [674 NYS2d 72] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated May 22, 1997, as (1) granted the respective motion and cross motion of the defendants Will-Burt Co. and Biro Manufacturing Company for summary judgment dismissing the complaint and any and all counterclaims and/or cross claims insofar as asserted against them, and (2) granted that branch of the cross motion of the defendant Pork King Sausage, Inc., which was for summary judgment dismissing the plaintiff's cause of action based on strict products liability insofar as asserted against it, and the defendant Pork King Sausage, Inc., cross-appeals, as limited by its brief, from so much of the same order as, in effect, denied that branch of its cross motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages for negligence insofar as asserted against it. The plaintiff also appeals from an order of the same court dated September 4, 1997, which granted the motion of the defendant Polo Linen Supply Co. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order dated May 22, 1997, is modified, on the law, by deleting the provision thereof which, in effect, denied that branch of the cross motion of the defendant Pork King Sausage, Inc., which was for summary judgment dismissing the plaintiff's cause of action to recover damages for negligence insofar as asserted against it, and substituting therefore a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order dated September 4, 1997, is affirmed; and it is further,

Ordered that the defendants Will-Burt Co., Biro Manufacturing Company, Port King Sausage, Inc., and Polo Linen Supply Co. are awarded one bill of costs.

The plaintiff was employed by the defendant New York Gyro,

Inc. His right hand was amputated when he was loading a meat grinder and the sleeve of his uniform became caught in the grinder as he was trying to free a piece of frozen meat by inserting his hand into the grinder. It is undisputed that the safety features had been removed from the grinder prior to the plaintiff's operation of the machine on the day of the incident. It is also undisputed that at the time the grinder left the possession and control of the manufacturer, the defendant Biro Manufacturing Company (hereinafter Biro), and the assembler, the defendant Will-Burt Co. (hereinafter Will-Burt), its safety features were intact. It is also undisputed that even if the interlock cover had been removed, the machine would not operate unless the interlock device had been intentionally removed and the electrical circuitry rewired.

The affidavit by the plaintiff's expert does not raise any material issue of fact that the moving defendants were responsible for a design defect or substantial modification of the grinder. The conclusions drawn by the plaintiff's expert are not supported by any facts or data, and as such, they are of no probative value (see, Amatulli v Delhi Constr. Corp., 77 NY2d 525, 533-534, n 2). Notably, the plaintiff's expert did not opine that the accident would have occurred even if the altered safety features had remained intact (see, Ernest v S.M.S. Eng'g, 223 AD2d 801, 803).

Even assuming, as the plaintiff contends, that Will-Burt was as equally responsible in manufacturing the grinder as Biro, a manufacturer cannot be held liable in negligence or in strict products liability "where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of the plaintiff's injuries" (Robinson v Reed-Prentice Div., 49 NY2d 471, 475; Bonilla v Schjeldahl, Inc., 242 AD2d 651). Moreover, "[m]aterial alterations at the hands of a third party which work a substantial change in the condition in which the product was sold by destroying the functional utility of a key safety feature, however foreseeable that modification may have been, are not within the ambit of a manufacturer's responsibility" (Robinson v Reed-Prentice Div., supra, at 481; accord, Amatulli v Delhi Constr. Corp., supra, at 532-533). The substantial modification rule also applies to causes of action based upon failure to warn (see, Bonilla v Schjeldahl, Inc., supra). Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against Will-Burt and Biro.

The plaintiff does not dispute that Pork King Sausage, Inc.

(hereinafter Pork King), which sold the meat grinder to the plaintiff's employer, was not regularly engaged in the business of selling meat grinders. As a casual seller of the meat grinder, Pork King cannot be held strictly liable (*see, Sukljian v Ross & Son Co.*, 69 NY2d 89). Accordingly, the Supreme Court properly dismissed the plaintiff's cause of action based on strict products liability insofar as asserted against Pork King.

However, it was error for the Supreme Court to deny that branch of Pork King's cross motion which was to dismiss the cause of action based on negligence insofar as asserted against it. Since Pork King did not sell the meat grinder to the plaintiff, it owed no duty to the plaintiff (*see, Clute v Paquin*, 219 AD2d 783). Even if Pork King did owe a duty to the plaintiff, it was only obligated to warn against dangers that were not obvious or discernible (*see, Sukljian v Ross & Son Co., supra*). The hazards of inserting one's hand into an open meat grinder while the machine is operating are patent (*see, Ruggiero v Braun & Sons*, 141 AD2d 528).

The plaintiff's remaining contention is without merit. Bracken, J. P., Joy, Altman and McGinity, JJ., concur.