■ CHRISTINA LICCIONE, Respondent, v THOMAS GEARING, SR., et al., Appellants, et al., Defendant. (Appeal No. 1.) [675 NYS2d 728] —Order unanimously reversed on the law without costs, motion granted and complaint against defendants Thomas Gearing, Sr., and Thomas Gearing, Jr., dismissed. Memorandum: Plaintiff commenced this action alleging that she was injured when she fell from a trampoline owned by defendant Thomas Gearing, Jr., located in the back yard of the residence owned by defendant Thomas Gearing, Sr. The trampoline was manufactured by defendant Jumpking, Inc. (Jumpking). The Gearings appeal from an order denying their motion for summary judgment dismissing the complaint against them (appeal No. 1). Jumpking appeals from an order denying its motion for summary judgment dismissing the complaint against it (appeal No. 2).

Supreme Court erred in denying the Gearings' motion. The Gearings established their entitlement to judgment as a matter of law by establishing that plaintiff, who was 19 years old at the time of the incident, was of sufficient age, education and experience to assume the risks of jumping on the trampoline (*see, Morgan v State*, 90 NY2d 471, 485-486). Plaintiff failed to raise a triable issue of fact whether "double jumping" is "unique and created a dangerous condition over and above the usual dangers that are inherent in the sport" (*Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970; *see, Turcotte v Fell*, 68 NY2d 432, 439; *Weller v Colleges of the Senecas*, 217 AD2d 280, 283-284; *see also, Bierach v Nichols*, 248 AD2d 916 [assumed risk of eye injury by throwing apples]; *Simoneau v State of New York*, 248 AD2d 865 [assumed risk of being hit by chair lift while downhill skiing]; *Griffin v Lardo*, 247 AD2d 825, *lv denied* 91 NY2d 814 [assumed risk of being hit in head with golf club]).

The court also erred in denying Jumpking's motion. With respect to the first cause of action, which alleges that Jumpking failed to warn of the dangers of using its trampoline, Jumpking established as a matter of law that its warnings were adequate to advise users of both the inherent and common risks associated with the use of the trampoline (*see, Carbone v Alagna*, 239 AD2d 454, 456), and plaintiff failed to raise a triable issue of fact. In any event, Jumpking further established that any failure to warn was not a proximate cause of plaintiff's injuries (*see, Kotarski v Kotecki & Sons*, 239 AD2d 909; *Belling v Haugh's Pools*, 126 AD2d 958, *lv denied* 70 NY2d 602, *rearg dismissed* 70 NY2d 748).

Similarly, Jumpking established its entitlement to judgment as a matter of law with respect to the allegations of defective manufacture, design and construction of the trampoline. By submitting an affidavit of an expert that was plainly conclusory, plaintiff failed to raise a triable issue of fact in opposition to Jumpking's motion (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Bouter v Durand-Wayland, Inc.*, 221 AD2d 902; *Moore v Deere & Co.*, 195 AD2d 1044, *lv denied* 82 NY2d 663).

Finally, Jumpking established its entitlement to judgment as a matter of law with respect to the breach of warranty causes of action, and plaintiff failed to raise a triable issue of fact. (Appeal from Order of Supreme Court, Monroe County, Ark, J.—Summary Judgment.) Present—Denman, P. J., Hayes, Pigott, Jr., Balio and Fallon, JJ.