■ PHILIP G. CORNWELL et al., Appellants, v OTIS ELEVATOR COMPANY et al., Respondents. (And Other Third-Party Actions.) [713 NYS2d 321] —Judgment, Supreme Court, New York County (Lorraine Miller, J.), entered December 8, 1999, dismissing the complaint and bringing up for review an order which, in an action by an elevator mechanic for personal injuries sustained while repairing an elevator located in a building owned by defendant ABC, manufactured and installed by defendant Otis Elevator Company, and previously serviced by defendant Marcato Elevator Company, granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

None of the defendants can be held responsible for the protruding pin that caught plaintiff's shirt sleeve and drew his arm into moving mechanical parts located in the building's motor room. It is undisputed that the pin was not part of the original design of the selector panel that plaintiff was inspecting but was added by an unknown party at an unknown time prior to the accident in place of a recessed Allen screw. As against defendant Otis, the affidavit of plaintiff's expert, which cites no code violations or departures from specific industry standards prevailing at the time of manufacture, is insufficient to raise an issue of fact as to whether there were any premodification design defects with respect to the placement of the selector panel and/or a shut-off switch (*see, Romano v Stanley*, 90 NY2d 444, 451-452; *Bouter v Durand-Wayland, Inc.*, 221 AD2d 902; *Moore v Deere & Co.*, 195 AD2d 1044, *lv denied* 82 NY2d 663).

As against defendant ABC, plaintiff's claim of inadequate lighting in the motor room was properly rejected on the basis of undisputed evidence that plaintiff worked in the room on a daily basis for three months prior to the accident without ever complaining about the lighting. Moreover, any such danger should have been appreciated by plaintiff (*see, Liriano v Hobart Corp.,* 92 NY2d 232, 241-242). As against defendant Marcato, plaintiff's claim that rust on the pin tends to show that it was installed during Marcato's tenure as maintenance contractor, which ended five years before the accident, is unsupported by evidence as to the amount of time necessary for rust to have formed on the pin, and therefore too speculative to defeat summary judgment (*see, Mingone v Ardsley Union Free School Dist.,* 215 AD2d 463). We have considered plaintiff's other arguments and find them unpersuasive. Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.