CHARLOTTE McGREGOR, Respondent-Appellant, v FLEXCON COMPANY, INC., Appellant-Respondent and Third-Party Plaintiff. ELECTROMARK Co. et al., Third-Party Defendants-Appellants-Respondents. [713 NYS2d 637] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when her right hand was crushed by a roller on a laminating machine. Plaintiff was resting her right hand on the table on the front part of the laminator and was cleaning the rollers with her left hand. According to plaintiff, the laminator was turned off but suddenly activated, and the rag she was holding in her right hand was pulled underneath a roller along with her hand.

Supreme Court erred in denying that part of defendant's motion seeking summary judgment dismissing the strict products liability and negligence causes of action. Those theories of liability were predicated on a design defect and a failure to warn. In support of the motion, defendant established that plaintiff's employer substantially modified the laminator after purchasing it from defendant. Specifically, the rectangular acrylic nip guard, which was designed to prevent a person's hand from coming in contact with the rollers, was removed and replaced with a copper tube. The nip guard was only one-quarter-inch above the table, whereas the copper tube was three-quarters of an inch above that surface. The evidence submitted by defendant established that a person's hand could not slide underneath the nip guard, but could slide underneath the copper tube, as did plaintiff's hand.

"A manufacturer, distributor, or retailer of a product may not be held liable either in negligence or strict products liability where '[m]aterial alterations at the hands of a third party * * * work a substantial change in the condition in which the product was sold by destroying the functional utility of a key safety feature'" (*O'Bara v Piekos*, 161 AD2d 1118, 1119, quoting *Robinson v Reed-Prentice Div.*, 49 NY2d 471, 481). The substantial modifications made by plaintiff's employer destroyed a key safety feature of the laminator, thus precluding recovery by plaintiff on the design defect claim. Nor may plaintiff recover on a theory of failure to warn (*see generally, Liriano v Hobart Corp.*, 92 NY2d 232). Defendant placed a label on the laminator warning users not to use the laminator without the nip guard in place (*see, Ryan v Arrow Leasing Corp.*, 260 AD2d 565, 566), but plaintiff's employer covered over that warning with tape and a piece of paper (*see, Aviles v Eagle Picher Corp.*, 167 AD2d 495, 497). The affidavit of plaintiff's expert submitted in opposition to the motion was conclusory and unsupported by facts and thus did not raise a triable issue of fact (*see, Liccione v Gearing*, 252 AD2d 956, 957, *lv denied* 92 NY2d 818; *Bouter v Durand-Wayland, Inc.*, 221 AD2d 902, 903).

We modify the order, therefore, by granting defendant's motion in its entirety and dismissing the complaint. (Appeals from Order of Supreme Court, Wayne County, Parenti, J.—Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt, Balio and Lawton, JJ.