■ PEGGIE BURNS, Appellant, v HAINES EQUIPMENT, INC., et al., Respondents. [726 NYS2d 516] —Order unanimously affirmed without costs. Memorandum: Plaintiff was injured when her right thumb was caught in an exposed moving chain of the loading machine that she was operating. The loading machine was manufactured by defendant Haines Equipment, Inc. (Haines), owned by defendant Lynn Schafer, d/b/a Hill Range Farm, and leased by third-party defendant Ronald Kern and Sons, plaintiff's employer.

Schafer moved for summary judgment dismissing the complaint against him. Plaintiff cross-moved to amend the complaint "to plead more specifically a cause of action based upon negligence" and for partial summary judgment on liability. Haines also cross-moved for summary judgment dismissing the complaint and cross claims against it. Supreme Court initially issued a memorandum decision granting Schafer's motion insofar as it sought dismissal of the claims based on strict products liability and denying that part of plaintiff's cross motion to amend the complaint as unnecessary and therefore moot. It also denied that part of plaintiff's cross motion seeking partial summary judgment on liability and denied Haines' cross motion. Before an order was entered on that decision, however, the court invited the parties to submit comments with respect to the decision. The court upon reconsideration issued a memorandum decision granting Schafer's motion and Haines' cross motion and denying plaintiff's cross motion. Plaintiff appeals from the order entered on that memorandum decision.

Contrary to the contention of plaintiff, the court had jurisdiction to amend its prior decision before an order was entered. "A court has the inherent power, *sua sponte* or on motion of a party, to reconsider and vacate its prior decision before issuing an order thereon" (*Scritchfield v Perry*, 245 AD2d 1054; *see, Vinciguerra v Jameson*, 153 AD2d 452, 454). Contrary to the further contention of plaintiff, the court properly denied that part of her cross motion seeking to amend the complaint. Plaintiff contends on appeal that she sought to plead more specifically a negligence cause of action based on improper

maintenance of the loading machine that caused her injury. Despite her failure to allege that theory in her cross motion, "where she has alleged facts which may make out a viable cause of action, she may be permitted to amend, even on appeal, provided there is no prejudice to the defendant" (*Stephan v Shulman*, 130 AD2d 484, 485, citing *Murray v City of New York*, 43 NY2d 400, *rearg dismissed* 45 NY2d 966). Here, however, plaintiff failed to allege facts to support such a cause of action.

We conclude that the court properly granted Schafer's motion. The claims based on strict products liability were properly dismissed because, as a casual lessor, Schafer "cannot be held strictly liable for plaintiff's injury" (*Piper v Kabar Mfg. Corp.*, 251 AD2d 1050; *see, Nastasi v Hochman*, 58 AD2d 564; *cf., Opera v Hyva, Inc.*, 86 AD2d 373, 378-379). In addition, the negligence claims were properly dismissed because, while a casual lessor may be held liable for ordinary negligence on a theory of failure to warn, "[a]t most, the duty of a casual or occasional seller [or lessor] would be to warn the person to whom the product is supplied of known defects that are not obvious or readily discernible" (*Sukljian v Ross & Son Co.*, 69 NY2d 89, 97; *see, Piper v Kabar Mfg. Co., supra*, at 1051). Here, the absence of the safety guard was an obvious and readily discernible defect (*see, Hernandez v Biro Mfg. Co.*, 251 AD2d 375, 377, *lv denied* 92 NY2d 819; *Ruggiero v Braun & Sons*, 141 AD2d 528, 529, *lv denied* 73 NY2d 707).

We further conclude that the court properly granted Haines' cross motion. "Substantial modifications of a product from its original condition by a third party which render a safe product defective are not the responsibility of the manufacturer" based on theories of strict products liability or negligence (*Robinson v Reed-Prentice Div.*, 49 NY2d 471, 479; *see, Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 532-533; *see also, Moore v Deere & Co.*, 195 AD2d 1044, 1044-1045, *lv denied* 82 NY2d 663). Although a manufacturer may be liable if it designed the product to permit use without a safety guard (*see, Lopez v Precision Papers*, 67 NY2d 871, 873; *see also, Liriano v Hobart Corp.*, 92 NY2d 232, 238), Haines established that the guard was removed with a torch, and thus there is no evidence that the loader was designed to permit use without the safety guard.

Haines also established that the warning labels affixed to the loader had either been removed or painted over after it left the factory around 1968, and thus there is no basis for liability under plaintiff's theory of failure to warn. Evidence that warning labels and safety decals have been removed or painted over

is evidence of a "material alteration of the [loader's] warning decal safety feature [and] has the effect of relieving [the] manufacturer * * * of any potential liability" (*Van Buskirk v Migliorelli*, 185 AD2d 587, 590, *lv denied* 80 NY2d 761; *see, McGregor v Flexcon Co.*, 275 AD2d 1001, 1002, *lv denied* 96 NY2d 702). Thus, Haines established its entitlement to judgment as a matter of law. Plaintiff failed to raise a triable issue of fact by her expert's affidavit; that affidavit failed to address the status of the loader when it left Haines' factory and, for a manufacturer, "responsibility is gauged as of the time the product leaves the manufacturer's hands" (*Robinson v Reed-Prentice Div., supra*, at 479).

Finally, we conclude that the court did not err in declining to consider the tort doctrine of alternative liability. In order to invoke that theory of liability, "a plaintiff must demonstrate that all possible tortfeasors are before the court; that all have breached a duty toward the plaintiff; that the conduct of one of the defendants has caused [her] injuries; and that the defendants, as a group, have better access to information concerning the incident than does the plaintiff" (*New York Tel. Co. v AAER Sprayed Insulations*, 250 AD2d 49, 52; *see, Hymowitz v Eli Lilly & Co.*, 73 NY2d 487, 505-506, *cert denied* 493 US 944). Plaintiff failed to demonstrate that owners between 1968 and 1982 were before the court or that defendants breached a duty toward her. (Appeal from Order of Supreme Court, Erie County, Burns, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.