■ HONUA FIFTH AVENUE LLC, Respondent, v 400 FIFTH RE-ALTY LLC, Appellant, et al., Defendant. [997 NYS2d 13]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about May 24, 2013, which, to the extent appealed from, denied defendant seller's motion for partial summary judgment on its counterclaim alleging breach (wrongful termination) of a real estate purchase and sale agreement (the Residential PSA), unanimously affirmed, without costs.

Defendant's refusal to adjourn the closing to jointly and collaboratively investigate the alleged air infiltration defect raises questions of fact as to whether defendant, rather than plaintiff buyer, wrongfully terminated the Residential PSA (see Roberts v New York Life Ins. Co., 195 App Div 97, 101 [1st Dept 1921], affd 233 NY 639 [1922]). Defendant argues that its refusal to cure or adjourn the closing was justified by plaintiff's decision not to provide a copy of reports concerning the air infiltration defect. However, issues of fact exist as to whether it was unreasonable for defendant to demand that plaintiff produce written expert reports on an expedited basis, particularly since plaintiff repeatedly requested that the parties work "collaboratively" to complete the investigation.

Defendant's argument that plaintiff had no right to refuse to close, because an architect's certificate of substantial completion was attached to defendant's notice of closing, is unavailing. The Residential PSA obligated plaintiff to close upon defendant's satisfaction of all conditions set forth in section 9.3.1 of the contract, not just the requirement to attach an architect's certificate of substantial completion. Indeed, section 9.3.1 (b) of the Residential PSA required that defendant perform its obligations under the agreement in all "material" respects, and section 9.3.1 (c) stated that plaintiff would not be required to close if any representation by defendant was false and had a "material adverse effect on [the fair market] value" of the lower residential units at issue. Issues of fact exist as to whether defendant performed its obligations under the agreement in all "material" respects and whether the alleged air infiltration defect had a "material adverse effect" on the fair market value of the lower residential units.

Plaintiff's expert's affidavit, which cited to specific sections of the New York City Building Code, was sufficient to raise issues of fact as to the existence of an air infiltration defect, whether defendant violated building code provisions related to the

infiltration of air, and whether the alleged defects and violations constituted a material breach under the Residential PSA (*see Rodriguez v Leggett Holdings, LLC*, 96 AD3d 555, 556-557 [1st Dept 2012]; *cf. Cornwell v Otis El. Co.*, 275 AD2d 649, 649 [1st Dept 2000]).

Defendant, the party who moved for summary judgment, was required to show that plaintiff was not ready, willing and able to close (*see Revital Realty Group, LLC v Ulano Corp.*, 112 AD3d 902, 904 [2d Dept 2013], *lv denied* 22 NY3d 866 [2014]), and it failed to do so.

We have considered defendant's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Renwick and Gische, JJ.